BEN C. ALBERT, Appellant, *v.* BENJAMIN H. FREEDMAN, Respondent.

(Submitted April 10, 1930; decided May 6, 1930.)

*Charles S. Rosenschein* and *Robert Moers* for appellant. Since neither actual delivery of the fixtures nor tender thereof to the defendant was a condition precedent to recovery, plaintiff was entitled to judgment. (*Rawl* v. *Moore,* 142 App. Div. 429; *Ziehen* v. *Smith,* 148 N. Y.

558.) Defendant had no right to subrogation. (*McGrath v. Carnegie Trust Co.*, 221 N. Y. 92; *Ocean, etc., Corp. v. Hooker*, 240 N. Y. 37; *American Surety Co. v. Palmer*, 240 N. Y. 63; *Hanlon v. Union Bank*, 247 N. Y. 389; *Citizens v. Prescott*, 138 Misc. Rep. 884; 224 App. Div. 280; Dixon on Subrogation, 122; Stearns on Suretyship, § 281; *North v. North & Son*, 93 N. J. Law, 438.)

*Imre M. Schwarz* for respondent. The plaintiff by his own evidence, having established that he destroyed the property which was the subject of the contract of repurchase, upon which the defendant indemnified the plaintiff's assignor, is barred from recovery. (*Dunlop v. James*, 174 N. Y. 411; *Borgfeld v. O' Neill*, 38 Misc. Rep. 498; 21 App. Div. 636; *Jones v. Bacon*, 145 N. Y. 446.)

LEHMAN, J. Prior to January, 1920, the defendant was the owner of the entire capital stock of Freedman Bros. Corporation. Then he sold his stock to the plaintiff and one Thomas G. O'Brien. At that time the corporation was the lessee of a loft. It occupied part of the leased premises, and subleased the remainder to the Sidney Kleinfeld Corporation. At the time it made the sublease, it sold to the sublessee the trade fixtures and furniture in the portion sublet, but it agreed to repurchase them for $2,500 at the end of the term of the sublease if the Sidney Kleinfeld Corporation elected to resell them.

During the negotiations for the purchase and sale of the stock of the corporation, there was some discussion about the obligation of the corporation to repurchase the fixtures sold to the sublessee. The plaintiff regarded this obligation as a contingent liability to pay the sum of $2,500, and demanded protection or indemnity against that liability. Thereupon the defendant executed an instrument in which he covenanted that he " will hold the said Freedman Bros. Corporation safe and harmless from all liability for the repayment of the sum of $2,500

to Sidney Kleinfeld Corporation, the lessee of a portion of the premises of the said Freedman Bros. Corporation and that if the said lessee elects to demand payment of the same under the terms of a lease made to said lessee, dated      , as payment for his interest in the fixtures at the expiration of the term thereof, that the said undersigned will pay the same."

At the expiration of the term of the sublease the sublessee elected to resell the fixtures and demanded payment of $2,500 from the corporation. It was not convenient for the corporation to make the payment at that time. Then the corporation agreed to make a new sublease of the same premises including the fixtures. It paid to the sublessee the $2,500 demanded for the fixtures by allowance from the rent.

The defendant refused or failed to pay the $2,500 to the sublessee at the termination of the original sublease. He has refused to pay the $2,500 to the Freedman Bros. Corporation though it is conceded that " the $2,500 was actually paid by allowance of rent under the lease." The plaintiff as assignee of the corporation has brought this action to compel repayment of the sum allowed. Recovery has been denied on the ground that the corporation or its assignee cannot enforce the defendant's agreement to indemnify it against the contingent liability for $2,500, without recognition of the indemnitor's right, by subrogation, to the possession of the resold fixtures.

It is clear that the defendant's agreement was more than an agreement of indemnity or an agreement to purchase the fixtures from the corporation, if the corporation was compelled to repurchase them from the sublessee. It is an agreement to pay the sum specified as well as to save harmless the corporation against liability for such payment. Distinction between such an agreement and a true indemnity agreement has been frequently pointed out. The agreement to pay is enforceable according to its terms and is not restricted by the agreement to indem-

nify against loss caused by failure to comply with the agreement to repay. (*Belloni* v. *Freeborn*, 63 N. Y. 383, at p. 390; *Kohler* v. *Matlage*, 72 N. Y. 259, at p. 266; *Hume* v. *Hendrickson*, 79 N. Y. 117.)   In the present case the record leaves no room for doubt that the parties intended that if the corporation should be called upon to pay $2,500 for the fixtures, the defendant would make the payment without any consequent right to strip the premises of its fixtures.   The contract must be enforced according to its terms and the intent of the parties.

The judgment of the Appellate Division and that of the Trial Term should be reversed and judgment directed in favor of the plaintiff for the amount demanded in the complaint, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.