THE NIAGARA COUNTY NATIONAL BANK AND TRUST COMPANY, Plaintiff, *v.* ROY J. LA PORT, Defendant, Impleaded with RAYMOND G. LA PORT and Another, Appellants, and WILLIAM MACON and Another, Respondents.*

Fourth Department, November 11, 1931.

*George C. Lewis,* for the appellant Raymond G. La Port.

*Roy H. Ernest,* for the appellant Eugene A. Ruhlmann.

*Saperston, McNaughtan & Saperston [Howard T. Saperston* and *Omar G. Olds* of counsel], for the respondents.

PER CURIAM.   If appellants and respondents made no agreement that they should be liable otherwise than in the order in which

* Revg. 141 Misc. 327.

their names appear as indorsers upon the promissory note, the respondents were discharged from liability to plaintiff and appellants when the latter paid plaintiff's judgment (Neg. Inst. Law, §§ 118, 201), and the order appealed from should be affirmed. However, the affidavits in the record show that appellants have a colorable, although disputed, claim that all the indorsers signed as such under an agreement that all four should be coindorsers, each liable for a one-fourth part of the note. Contracts of suretyship are governed by the same rules as are any other contracts (*Fifth National Bank* v. *Woolsey*, 31 App. Div. 61), and such an arrangement as the one here claimed may be proved by circumstances as well as by direct testimony. (*Wittemann* v. *Sands*, 238 N. Y. 434, 441.) The learned Special Term correctly held that this controversy should not be determined upon affidavits.

It is the rule in this State (*Townsend* v. *Whitney*, 75 N. Y. 425) that when indorsers of a promissory note are cosureties by agreement, or by operation of law, and one surety pays a judgment recovered against all, such paying surety is subrogated to all the rights and remedies of the creditor, not only as against the principal debtor, but as against his cosureties or their property, to the extent of what they are bound to contribute. And he is also entitled to an assignment of all the rights, securities and remedies of the creditor to compel payment and satisfaction. In such circumstances subdivision 3 of section 201 of the Negotiable Instruments Law, specifying when persons secondarily liable on a negotiable instrument are discharged, does not apply because these appellants are not " prior parties " as indorsers if, as claimed, they are cosureties with respondents.

A verified and undisputed statement appears in the record to the effect that an action is now at issue, brought by one Mary Saperston to set aside the sheriff's sale herein under the execution against respondents because of a claim of title to the premises obtained by said Mary Saperston from respondents through deeds recorded subsequent to the entry of judgment against respondents. Under this state of affairs, and in view of the cosuretyship relations, we conclude that full justice to all the parties — in so far as we can accomplish that here — requires that the order appealed from should be reversed and an order entered setting aside all proceedings subsequent to the assignment of judgment to appellants and staying all proceedings to enforce the judgment pending any action or proceeding which appellants may see fit to bring to enforce contribution. We reach this determination upon the theory that under the specified circumstances the judgment should stand as security to appellants for the payment to them by each of the

respondents of one-fourth of the amount of the note in case contribution be decreed. We award no costs on this appeal.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order reversed on the law, without costs of this appeal to either party, and order entered in accordance with the opinion, without costs.