EMPIRE TRUST COMPANY, Plaintiff, *v.* BARTLEY & CO., INC., Respondent, and AUGUST HECKSCHER and FLOYD DEL. BROWN, Appellants, and MINING & DEVELOPMENT CORPORATION, Defendant.

First Department, December 18, 1939.

*Roswell P. C. May* of counsel [*Arthur P. West* with him on the brief; *Bleakley, Platt & Walker*, attorneys], for the appellants.

*Milton Kunen* of counsel [*Norman Berlin*, attorney], for the respondent.

UNTERMYER, J. Mining & Development Corporation, on November 3, 1934, executed a promissory note for $12,000, payable three months thereafter to the order of "ourselves," which it then indorsed. On the same day the note was indorsed by the defendant Bartley & Co., Inc., and thereafter by the impleaded defendants August Heckscher and Floyd deL. Brown. At the time of the indorsement of the note by Bartley & Co., Inc., Heckscher and Brown, an agreement was executed by these indorsers which provides as follows: "It is agreed between the undersigned that whereas we have each this day endorsed a note dated this day made by Mining and Development Corporation for the sum of Twelve Thousand and no-100 Dollars and due in three months from the date thereof, now, therefore, that at the maturity of said note each of us will pay one-third part of the same, without recourse to the others who may have endorsed the same."

The note was then delivered to the plaintiff, Empire Trust Company, which paid the proceeds to Mining & Development Corporation, the maker of the note. After maturity, the note not having been paid, the plaintiff commenced this action against Bartley & Co., Inc., to recover $11,955.61 due thereon, omitting to sue Mining & Development Corporation, the maker of the note, or Heckscher and Brown, the other indorsers. Bartley & Co., Inc., thereupon, on motion, procured an order allowing it to bring in, as impleaded defendants, Mining & Development Corporation, the maker, and Heckscher and Brown, the coindorsers, and to serve upon them a supplemental summons and pleading. In that pleading Bartley & Co., Inc., after citing the facts pertaining to the execution of the note and the agreement of the indorsers, Bartley & Co., Inc., Heckscher and Brown, alleged "that in the event

plaintiff recovers judgment in this action against defendant, Bartley & Co., Inc., then Mining & Development Corporation will be liable to the defendant, Bartley & Co., Inc., for the full amount of said judgment; August Heckscher will be liable to the defendant, Bartley & Co., Inc., for one-third of the amount of said judgment, and Floyd deL. Brown will be liable to the defendant, Bartley & Co., Inc., for one-third of the amount of said judgment,'' and demanded judgment accordingly.

After the impleaded defendants had answered this pleading, Bartley & Co., Inc., moved for summary judgment against Mining & Development Corporation, Heckscher and Brown on affidavits setting forth the facts to which reference has been made. It may be inferred that a previous motion had been made by the plaintiff for summary judgment against Bartley & Co., Inc., for the affidavit of Bartley & Co., Inc., on its motion for summary judgment contains the statement that "This motion is intended to be argued simultaneously with the motion of the plaintiff for summary judgment against defendant, Bartley & Co., Inc." The record, however, does not disclose whether the plaintiff's motion was in fact argued simultaneously with Bartley & Co.'s motion for summary judgment against the impleaded defendants or whether summary judgment in favor of the plaintiff was in fact granted against Bartley & Co., Inc., and, if so, for what amount. Under these circumstances, we would perhaps be justified in reversing the order and denying the motion upon the ground that under its pleading and by section 193 (subd. 2) of the Civil Practice Act Bartley & Co., Inc., was not entitled to judgment against the impleaded defendants until subjected to a judgment in favor of the plaintiff.

We prefer, however, to rest our decision upon the broader ground that Bartley & Co., Inc., may not recover against Heckscher and Brown until it has discharged more than the proportion of the note which it agreed to pay under its contract with them. The purpose of that agreement is self-evident. In the absence of such an agreement the indorsers would have been liable to one another in the order of their indorsement. (Neg. Inst. Law, § 118.) By their special contract they agreed instead to contribute equally to the payment of the note if at maturity the maker should not pay. Thus they assumed, among themselves, the relationship of cosureties (*Easterly* v. *Barber*, 66 N. Y. 433; *Niagara County Nat. Bank & Trust Co.,* v. *La Port*, 233 App. Div. 501; *George* v. *Bacon*, 138 id. 208), no one of whom is entitled to contribution until he has discharged more than his proportionate share of the common liability. (*Hard* v. *Mingle*, 206 N. Y. 179; *Aspinwall* v. *Sacchi*, 57 id. 331; 1 Brandt, Suretyship and Guaranty, § 279; Restatement, Restitution, § 82, subd. 1.)

Any other conclusion would, especially under the circumstances of the present case, have very strange results. Thus, if the impleaded defendants Heckscher and Brown are required to pay to Bartley & Co., Inc., their two-thirds proportion of the common liability and Bartley & Co., Inc., should then fail to pay the note, they could, nevertheless, again be held liable to the plaintiff on their indorsements for the full amount of the note. This results from the circumstances that these three parties were not indemnitors for one another, as was the fact in the cases on which the respondent relies (*Albert* v. *Freedman*, 253 N. Y. 508; *Maloney* v. *Nelson*, 144 id. 182; *Rector, etc., of Trinity Church* v. *Higgins*, 48 id. 532), but occupied the relation of cosureties who, in discharging their obligations to one another, under their contract, would to that extent also reduce their own liability to the plaintiff on the note. Again, if it be true that Bartley & Co., Inc., though not having paid any part of the note, can maintain an action for contribution against Heckscher and Brown, then it follows that they likewise could maintain an action for the same cause against Bartley & Co., Inc., thus leaving unchanged the situation of the parties in relation to one another.

The order and judgment should be reversed, with costs, and the motion denied.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Order and judgment unanimously reversed, with costs, and the motion denied.