## THIRD DEPARTMENT, NOVEMBER, 1971

## (November 3, 1971)

■ CHARLES PEARIS, Respondent, v. HARRY H. GOLDSCHMIDT et al., Appellants.— Appeal (1) from an order of the County Court of Broome County, entered September 15, 1970, which denied defendants' motion for

dismissal of the complaint for failure to state a cause of action and granted summary judgment to plaintiff pursuant to CPLR 3211 (subd. [c]), and (2) from the judgment entered thereon. Larry Meinstein and Harry Goldschmidt were coventurers in several businesses in the Binghamton area. On June 14, 1961 Meinstein and his wife borrowed $5,000 from the First-City National Bank of Binghamton and executed and delivered to the bank their promissory note due three months thereafter. The money was loaned to Vestal Agency, Inc., one of the joint enterprises. When the note fell due, a demand note in the same amount was executed by Meinstein, Charles Pearis and the latter's wife to pay the original note. On February 17, 1968 Meinstein and his wife entered into an agreement with Goldschmidt and his wife wherein they transferred all their interest in the enterprises to the Goldschmidts and, in return, the Goldschmidts agreed to pay off the obligations of both parties and then the obligations of the Meinsteins in connection with the businesses, "to the extent reasonably possible". The contract made the following specific mention of the note: "5. It is understood that there is in existence a * * * $5,000 note held by the [Bank] * * * which is secured by a life insurance policy on the life of one Charles Pearis; and the said Harry H. Goldschmidt and Libby Goldschmidt agree that this note shall be paid in accordance with its terms and in any event at the same time as a similar note owed by the parties to Mr. Bernard Feigenbaum is discharged." Interest was paid on the note monthly for over six years by Vestal Agency, Inc., or by Goldschmidt-Meinstein Agency, Inc., but appellants failed to make even interest payments after April 1, 1968 and on February 28, 1969 respondent paid the amount due in full. Notations made on the face of the note indicate the rates of interest charged over different periods since the note's inception and that interest was to be paid quarterly. This case was one properly for summary judgment since the existence of the note and the contract were not contested, payment by respondent was not denied and the status of Pearis, Larry Meinstein's father-in-law, as an accommodation comaker was never actually denied. The general course of business in a community, including the universal practice of banks in charging interest on money loaned by them, is a matter of which the court may take judicial notice (*Hutchinson* v. *Manhattan Co.*, 150 N. Y. 250, 256). The contract promise that "this note shall be paid in accordance with its terms" indicates that the parties intended that this debt was to be treated differently than the others. Plaintiff is entitled to recover either as a third-party beneficiary since the agreement between the Meinsteins and appellants was supported by consideration and constituted a creditor beneficiary contract in which the Meinsteins were promises, appellants the promisors and respondent a third-party beneficiary (*Nicholson* v. *300 Broadway Realty Corp.*, 7 N Y 2d 240, 247; *Lawrence* v. *Fox*, 20 N. Y. 268, 272), or as a surety. Irrespective of subdivision (5) of section 3–415 of the Uniform Commercial Code which became effective on September 27, 1964 and concerning the applicability of which the parties are in dispute (see *First Nat. Bank of Sing Sing* v. *Chalmers*, 144 N. Y. 432, 434; *Blanchard* v. *Blanchard*, 201 N. Y. 134, 138), the relationship of the accommodation comaker to the actual borrower has long been regarded as that of a surety (*McGoldrick* v. *Family Fin. Corp.*, 287 N. Y. 535, 538; *Blanchard* v. *Blanchard, supra*, p. 138; *Goldberg* v. *Albert*, 161 Misc. 281, 284) and, under ordinary principles of suretyship, the accommodation party who pays the instrument is subrogated to the rights of the holder paid and is entitled to all the rights and remedies of said creditor (*Niagara County Nat. Bank & Trust Co.* v. *La Port*, 233 App. Div. 501; *Sternbach* v. *Friedman*, 34 App. Div. 534, 538–539). There being no issue as to the salient facts and respondent being entitled to recover on either theory.

summary judgment was properly granted. Order and judgment affirmed, with costs. Reynolds, J. P., Cooke, Sweeney and Simons, JJ., concur.