■ ROBERT E. FALB et al., as Executors of IRVING FALB, Deceased, Respondents, v ARNOLD FRANKEL, Appellant.—In an action to enforce a right of contribution between cosureties, defendant appeals from (1) an order of the Supreme Court, Westchester County, dated December 29, 1978, which granted plaintiffs' motion for summary judgment in the amount of $16,000 and denied defendant's cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered thereon on January 5, 1979. Appeal from the order dismissed (see Matter of Aho, 39 NY2d 241, 248). Judgment reversed, on the law, plaintiffs' motion is denied, defendant's cross motion is granted and the complaint is dismissed. Defendant is awarded one bill of $50 costs and disbursements. In February, 1969 plaintiffs' decedent, Irving Falb, and defendant, Arnold Frankel, executed an agreement wherein they agreed to jointly and severally guarantee to Hempstead Bank (hereinafter the bank) all liabilities of the Suburban Merchandising Corporation (hereinafter Suburban). Thereafter, on October 3, 1970, Suburban executed a promissory note in the amount of $450,000 to the bank. Suburban defaulted on its obligations under the note. On December 3, 1971 the bank entered into an agreement with Falb and Frankel which provided, inter alia, that the bank would forgo bringing an action on the note and guarantee in return for which Falb and Frankel would deliver certain security to the bank and each pay to it, semiannually, 10% of their gross income earned during the preceding six months. The agreement further provided that: "2. The terms of the guaranty of all liabilities executed by FRANKEL and FALB, shall, except where expressly inconsistent with the terms of this Agreement, continue in full force and effect. * * * 8. * * * in the event of default hereunder, the BANK will enjoy all of its rights hereunder under the said guaranty, and under law with respect to FRANKEL and FALB." Falb died on May 5, 1972, and on July 10, 1972 the bank filed a claim with his estate, by which it sought to recover the sum of $368,744.56, the unpaid balance of the note, plus the sum of $55,311.68 as reasonable attorney's fees. This claim was rejected by the estate. It appears that Frankel made no payments pursuant to the 1971 agreement. In July, 1972 the bank commenced an action against Frankel upon his guarantee. Thereafter, early in 1975, Frankel and the bank entered into a stipulation of settlement, wherein the bank agreed to settle its claim against Frankel in return for the latter's promise to pay the sum of $25,000 and the delivery of certain security for that promise. On October 20, 1976 Falb's estate and the bank entered into a stipulation of settlement of the bank's objections to the estate's account. The bank agreed to accept the sum of $57,000 from the estate, in full settlement of its claim, and to execute a general release of the executors of the estate. The instant action was commenced in December, 1977 by the executors of Falb's estate, to enforce a claimed right of contribution against Frankel. Initially, we note that we are in agreement with Special Term's determination that the rights of the parties are governed by the terms of the 1969 guarantee agreement. However, we disagree with Special Term's conclusion that the plaintiffs are entitled to contribution from the defendant. It is well settled that where one joint obligor pays more than his proportionate share of the common liability, he is entitled to contribution from the other joint obligors (see Hard v Mingle, 206 NY 179,

184; *Empire Trust Co. v Bartley & Co.,* 258 App Div 249, 251; 2 Williston, Contracts [3d ed], § 345, p 767). As joint obligors, Falb and Frankel each stood in legal effect as a principal debtor for his proportion of the debt and a surety for the remainder (see *Newburger v Lubell,* 266 NY 4, 9). A part payment which does not exceed a surety's pro rata share of the indebtedness does not entitle him to contribution from his cosurety (Simpson, Suretyship, § 49, p 241; 74 Am Jur 2d, Suretyship, § 219). Where, as here, each of two cosureties compromises his own liability for less than one half of the original debt owed to the common creditor but for different amounts, the law gives no right of contribution to the surety paying the greater sum because he merely settled his own obligation and paid nothing in excess of his own debt *(Singleton v Shepherd,* 196 Mo App 505, cert quashed *sub nom. State ex rel. Singleton v Ellison,* 196 SW 748 [Mo]). Falb's estate cannot avoid its failure to make as advantageous a settlement of his obligation as did Frankel by seeking contribution from the latter. Damiani, J. P., Gibbons, Gulotta and Margett, JJ., concur.