OPINION OF THE COURT
Harold J. Hughes, J.
Third-party defendant Louis F. Fallova moves for summary *144 judgment dismissing the third-party complaint against him and the third-party plaintiff cross-moves for summary judgment against the movant on his third-party complaint seeking contribution.
The primary action was essentially resolved by an opinion of this court dated June 18, 1992. First American Bank (Bank) had loaned money to the corporate defendant, and that debt was guaranteed by Louis F. Fallova, Jr., Wayne Emerick, Everett P. Strong, Jr., and Edward J. Raymond, the shareholders of the company. The Bank loaned the corporation $100,000 on November 10, 1986, $10,000 on January 13, 1987, and another $10,000 on January 28, 1987. On December 10, 1987, Fallova, Strong and Raymond sold their shares to Emerick and Warren Hunt. Strong prospectively revoked his personal guaranty, which revocation was accepted by the Bank. The corporation thereafter defaulted on its loans. The Bank sued the corporation, Emerick, and Strong. As to Strong, the Bank only sought to recover for the debts owed prior to December 10, 1987. Strong commenced a third-party action against Raymond, Fallova and Hunt. According to the decision of June 18, 1991, Mr. Strong was responsible for $131,670.33, which amount he compromised to $121,000 prior to the entry of the judgment. By this motion, he seeks a pro rata share of that $121,000 from Mr. Fallova. He argues that at common law a guarantor could obtain contribution from a coguarantor for the amount the guarantor paid over his proportionate share. Fallova asserts that under the language of the guaranty, the Bank could release any one or all of the coguarantors without the consent of the others and without releasing the remaining coguarantors. He argues that by releasing him from the guaranty, the Bank also released him from any liability to his eoguarantors.
At common law it was “well settled that where one joint obligor pays more than his proportionate share of the common liability, he is entitled to contribution from the other joint obligors” (Falb v Frankel, 73 AD2d 930). It was also settled that where a creditor released one coguarantor, without the consent of the others, all of the guarantors were released. By contractual provision, most lending institutions have altered the common-law rules by providing that the release of a principal or coguarantor does not release any remaining guarantor (National Bank v Kory, 63 AD2d 579). Two legal principles are at work here. The first is that: “[I]f a creditor releases one of several cosureties from liability on the principal obliga *145 tian, and despite such release and the subsequent discontinuance as to such released surety of an action brought by the creditor against such surety and his cosureties, judgment on the debt is recovered against the remaining sureties and is paid by one of them, the released surety remains liable for contribution to the paying surety although he is no longer liable to the creditor” (63 NY Jur 2d, Guaranty and Surety-ship, § 507, at 654). The second principle is that, "Where the creditor releases one of two sureties with the consent of the other, the released surety’s obligation ends, and if the consenting surety pays the debt he has no right of contribution from the surety who was released, and the consenting surety is liable for the entire debt if it is not paid by the principal” (63 NY Jur 2d, Guaranty and Suretyship, § 511, at 657). The third-party defendant Fallova takes the position that by executing the standard form required by the lending institution containing the language allowing the principal and coguarantors to be released, the third-party plaintiff has brought himself within the second principle. The third-party plaintiff argues that he comes within the first principle because it was never the intent of his contract with the Bank to release entitlement to contribution from his coguarantors.
Research has failed to disclose New York precedent upon the issue. Policy considerations lead this court to accept the position of the third-party plaintiff. The contract language concerning continuing liability by the guarantor even though the lending institution releases the principal and coguarantors is designed to protect the lending institution. It was not inserted by the lending institution to protect coguarantors the Bank might choose not to sue from claims for contribution by coguarantors paying more than their pro rata share. Certainly, most individuals signing personal guarantees in order to obtain bank funds for corporations do not contemplate that the language allowing them to remain liable if the lending institution chooses not to pursue coguarantors would also serve to extinguish his or her claim against the coguarantors. Consequently, the third-party plaintiff will be awarded partial summary judgment upon the liability issue on the cause of action against Mr. Fallova for contribution. The amount that the third-party plaintiff will receive cannot be ascertained from this record. The four original guarantors of the corporate debt are each one quarter responsible for money owed by the corporation to the Bank prior to December 10, 1987. Mr. *146 Strong is entitled to recover from Mr. Fallova the sum of money that he paid beyond his one-quarter responsibility up to Mr. Fallova’s one-quarter share. The parties should be able to determine that amount and resolve this litigation. If not, either further motion practice or a trial will be required.