◼ In the Matter of STATE OF NEW YORK, Respondent, v DeFRANCO FORD, INC., et al., Respondents, and FORD MOTOR CREDIT COMPANY, Appellant. [609 NYS2d 266] —In a proceeding pursuant to Executive Law § 63 (12), the Ford Motor Credit Company appeals from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated March 23, 1992, as directed it to pay $13,368.13 to the petitioner State of New York.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In November 1991, the State of New York commenced this proceeding pursuant to Executive Law § 63 (12), against the DeFranco Ford, Inc., a car dealership, and its principal, seeking, *inter alia,* injunctive relief and restitution for repeated

fraudulent acts. DeFranco Ford, Inc., had filed a petition for bankruptcy in April 1991. The appellant Ford Motor Credit Company, a sales finance company which had taken assignments of retail installment contracts from DeFranco Ford, Inc., and others were also made parties to the proceeding.

We reject the appellant's contentions that it was improperly joined in the action. The appellant's liability to consumers arises from its status as assignee of the retail installment contracts. Pursuant to Personal Property Law § 302 (9), the appellant, as an assignee, is subject to "all claims and defenses of the buyer against the seller arising from the sale." As such, the appellant was properly made a party to afford complete relief *(see,* CPLR 1001 [a]).

We reject the appellant's further contention that the judgment is void absent an order granting relief from the automatic stay provisions of the Federal bankruptcy laws. The clear language of 11 USC § 362 indicates that the provisions of the statute will only serve to stay proceedings against the *debtor (see, Carley Capital Group v Fireman's Fund Ins. Co.,* 889 F2d 1126). An automatic stay of proceedings accorded by 11 USC § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor *(see, Lynch v Johns-Manville Sales Corp.,* 710 F2d 1194; *see also, Rosenbaum v Dane & Murphy,* 189 AD2d 760). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.