■ SALVATORE R. BELTRONE, Individually and as a Partner in GENERAL SCHUYLER & COMPANY, Appellant, v GENERAL SCHUYLER & COMPANY et al., Defendants, and RONALD KROLICK, Respondent. [645 NYS2d 914] —Casey, J. Appeal from an order of the Supreme Court (Harris, J.), entered March 9, 1995 in Albany County, which, upon reargument, *inter alia*, denied plaintiff's motion for partial summary judgment.

This appeal arises out of the parties' involvement in the formation of defendant General Schuyler & Company, a general partnership which was formed to acquire, renovate and sell the Philip Schuyler Building in the City of Albany. The basic facts, as alleged in plaintiff's complaint, are set forth in our decision in a prior appeal by one of the individual defendants (223 AD2d 938). At issue in this appeal is whether plaintiff is entitled to summary judgment on his claim for contribution against defendant Ronald Krolick based upon the personal guarantees executed by plaintiff and Krolick so that General Schuyler could obtain $6,000,000 in bank financing for the project. Supreme Court initially granted plaintiff's motion, but upon Krolick's motion to reargue the court denied plaintiff's motion, resulting in this appeal by plaintiff.

We reject Krolick's claim that this appeal is stayed by the bankruptcy proceedings instituted by defendant Harold Dubroff pursuant to the Federal Bankruptcy Code (*see,* 11 USC § 362). This Court has jurisdiction to determine the scope and effect of the automatic stay on this appeal (*see, Matter of Bald-*

*win—United Corp. Litig.*, 765 F2d 343), at least insofar as the rights and liabilities of nondebtors are concerned (*see, e.g., Strober Bros. v Kitano Arms Corp.*, 224 AD2d 351; *Matter of State of New York v DeFranco Ford*, 202 AD2d 593). The cause of action at issue in this appeal is based exclusively on the written guarantee executed by plaintiff and Krolick and seeks recovery from Krolick alone. The rights and liabilities of Dubroff are not at issue. "An automatic stay of proceedings accorded by 11 USC § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor" (*Matter of State of New York v DeFranco Ford, supra*, at 594). "Within a single case, some actions may be stayed, others not" (*Maritime Elec. Co. v United Jersey Bank*, 959 F2d 1194, 1204). Based upon these principles, we conclude that the automatic stay resulting from Dubroff's bankruptcy petition does not affect this appeal.

On the merits, we conclude that Supreme Court correctly denied summary judgment to plaintiff on his contribution claim against Krolick. Plaintiff's claim for contribution is based upon the well-settled equitable principle that a joint obligor who pays more than his proportionate share of a common liability is entitled to contribution from the other joint obligors (*see, Falb v Frankel*, 73 AD2d 930). Pursuant to the guarantee, plaintiff and Krolick were each liable to pay the full amount of the debt upon General Schuyler's default. If, as plaintiff alleges, he paid the full amount, he is entitled to recover one half from his coguarantor, Krolick (*see, Morgan v Smith*, 70 NY 537, 541). Plaintiff contends that even if there is a question of fact as to the amount of his payment, he is entitled to partial summary judgment on the issue of Krolick's liability, but plaintiff's right to recover from Krolick is dependent upon plaintiff's payment of an amount in excess of the money which, as between him and Krolick, it was his duty to pay (*see, Morgan v Smith, supra*, at 542; *Falb v Frankel, supra*, at 931).

Based upon our review of the record, which discloses a rather complex series of transactions involving a nonparty corporation, we agree with Supreme Court that questions of fact exist as to whether and to what extent plaintiff personally paid on the guarantee. Krolick's claim that he is entitled to summary judgment is also meritless. The release upon which he relies does not affect the rights and liabilities of plaintiff and Krolick as between themselves. Supreme Court's order should be affirmed.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.