■ KAREN PANISH, Appellant, v DANIEL RUDOLPH, Respondent. [723 NYS2d 442] —Order, Supreme Court, New York County (Barry Cozier, J.), entered June 26, 2000, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff, an assignee of a mortgage note and guaranty from Emigrant Funding Corporation, as well as a co-guarantor of the obligation evidenced by the note, seeks to enforce the guaranty against defendant, a co-guarantor of the same obligation. Plaintiff, however, in her capacity as a co-guarantor, may only recover against defendant, in his capacity as co-guarantor of the same obligation, by means of a cause of action for contribution (*see, Backman v Hibernia Holdings,* 1998 US Dist LEXIS 11571, *17, 1998 WL 427675, *6 [SD NY, July 28, 1998]) and to state such a cause of action it was essential for plaintiff to allege that she had paid in excess of her own proportionate share of the common liability (*see, Beltrone v General Schuyler & Co.*, 229 AD2d 857). Since plaintiff admits in her amended complaint that her husband, another guarantor, personally satisfied the underlying obligation in full, she paid nothing and, thus, cannot plead an essential element of a cause of action for contribution from her co-guarantor. There is nothing in the record to indicate that plaintiff's husband assigned his rights of contribution to plaintiff after he paid the note and we perceive no legal support for the proposition advanced by plaintiff, that months after one co-guarantor has paid a debt in full, the payee (i.e., Emigrant), and not the paying co-guarantor, can assign rights of contribution to a third-party for collection from another co-guarantor.

Plaintiff's amended complaint also fails to plead a cause of action for unjust enrichment since, *inter alia*, she conferred no benefit upon defendant.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Rubin, JJ.