■ Rosy Guedj et al., Respondents, v Raymond Dana, Appellant, et al., Defendants. Raymond Dana, Third-Party Plaintiff-Appellant, v Prosper Mamane et al., Third-Party Defendants-Respondents. [757 NYS2d 1] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 20, 2001, which, insofar as appealed from, dismissed appellant's third-party complaint and denied appellant's motion for summary judgment dismissing plaintiff's claims based on the so-called New King Agreement, unanimously affirmed, without costs.

Appellant contends that the New King Agreement obligated New King, the parties' closely held corporation, to pay plaintiff 20% of its profits but in no event less than $500 a week for 208 weeks after the agreement's execution, that his only obligation thereunder was to coguarantee the minimum $500 weekly payments along with third-party defendants, that New King's dissolution necessarily terminated the guarantee, and that plaintiff has no claim because all required payments were made up until the time of New King's dissolution. The IAS court, aptly emphasizing that unlike a straight guarantee of dividends, the New King Agreement provided for plaintiff's receipt of a specified minimum for a specified period regardless of New King's income and expenses, correctly held that the New King Agreement is ambiguous as to whether appellant and third-party defendants were to pay plaintiff $500 for 208 weeks regardless of New King's continued existence. As for the third-party complaint, plaintiff does not have a cause of action for contribution in view of his admission that third-party defendants, not he, made the required payments to plaintiff, and that he never paid his proportionate share thereof (*see Panish v Rudolph*, 282 AD2d 233). The documentary evidence and admissions in appellant's answer also establish that if third-party defendants misrepresented the agreements in issue as mere releases, appellant became aware of their true nature very shortly after their execution, and that his claims based on such alleged misrepresentations are therefore time-barred under Florida's four-year statute of limitations. We have considered and rejected appellant's other arguments. Concur—Tom, J.P., Mazzarelli, Ellerin, Williams and Marlow, JJ.