█ MEDICLAIM, INC., Appellant, v MICHAEL R. GROOTHUIS et al., Respondents. (And a Third-Party Action.) [834 NYS2d 200]—

In an action to recover payment due under the terms of a

mortgage note agreement and certain guarantees, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated December 23, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied, as academic, its cross motion for summary judgment dismissing the defendants' affirmative defense of champerty pursuant to Judiciary Law § 489.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an assignee of a mortgage note and guarantees from HSBC Bank USA, commenced this action against the defendants, as guarantors, to enforce the guarantees and to recover payment on the note. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the real purchaser of the note was not the plaintiff, but the third-party defendant Bert Brodsky, who was also a co-guarantor of the note. All of the funds used by the plaintiff in acquiring the note came from Brodsky. As the note was paid in full by a co-guarantor, the only cause of action available was one by the co-guarantor Brodsky to recover for contribution against the defendants. Contrary to the plaintiff's contention, it cannot recover pursuant to a cause of action for contribution as it is not a co-guarantor of the note (*see Panish v Rudolph*, 282 AD2d 233 [2001]). Only a co-guarantor who has paid more than his or her proportionate share of the common liability is entitled to contribution from the other co-guarantors (*see Beltrone v General Schuyler & Co.*, 229 AD2d 857, 858 [1996]; *Backman v Hibernia Holdings*, 1998 WL 427675, *6, 1998 US Dist LEXIS 11571, *17 [SD NY, July 28, 1998]).

In opposition, the plaintiff failed to raise an issue of fact by offering evidence that would demonstrate that it was the real purchaser of the note rather than a mere vehicle for Brodsky to purchase the note. Therefore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion for summary judgment dismissing the defendants' affirmative defense of champerty pursuant to Judiciary Law § 489 (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.