■ ALEXIS HANDWERKER, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [934 NYS2d 25]—

Dismissal of the complaint was not warranted since the record presents triable issues of fact as to whether defendants had constructive notice of the alleged condition of the tree. Plaintiff submitted evidence, including affidavits from experts, showing that there were clear, visible signs of the tree's decay that existed for several years and that defendants performed work on the tree prior to the accident (see Harris v Village of E. Hills, 41 NY2d 446 [1977]; compare Clarke v New York City Hous. Auth., 282 AD2d 202 [2001]).

The court did not improvidently exercise its discretion in considering the affidavits of plaintiff's experts. There is no evidence that plaintiff willfully failed to disclose the experts in a timely manner; nor was there prejudice to defendants (see Martin v Triborough Bridge & Tunnel Auth., 73 AD3d 481 [2010], lv denied 15 NY3d 713 [2010]; Gallo v Linkow, 255 AD2d 113, 117 [1998]).

Furthermore, the court properly denied plaintiff's cross motion to strike defendants' answer as a sanction for the partial destruction of the subject tree, without prejudice to plaintiff's ability to move for an adverse inference charge at trial. The record shows that portions of the tree were preserved and that the tree was photographed (see Rodriguez v 551 Realty LLC, 35 AD3d 221 [2006]). Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 32627(U).]**