Harry Spring Consulting LLC v Esterson (2021 NY Slip Op 06543)





Harry Spring Consulting LLC v Esterson


2021 NY Slip Op 06543


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 650400/16, 654911/16 Appeal No. 14677 Case No. 2021-00127, 2021-01031 

[*1]Harry Spring Consulting LLC, Plaintiff-Appellant-Respondent,
v
Jack Esterson et al., Defendants-Respondents-Appellants, Harry Spring, Defendant-Appellant-Respondent.
Jack Esterson et al., Plaintiffs-Respondents-Appellants,
v
Harry Spring et al., Defendants-Appellants-Respondents.


Pick & Zabicki LLP, New York (Douglas J. Pick of counsel), for appellants-respondents.
Dorf & Nelson, LLP, Rye (Jonathan B. Nelson of counsel), for respondents-appellants.



Amended order, Supreme Court, New York County (Joel M. Cohen, J.), entered March 15, 2021, which, insofar as appealed from, denied the motion for summary judgment by Harry Spring Consulting LLC (HSC) and Harry Spring (Spring) (together, HSC/Spring) on the liability of defendants Jack Esterson and Pamela Jerome (together, the co-obligor partners) with respect to certain personal guarantees, granted the co-obligor partners' cross motion for summary judgment insofar as it sought to dismiss the claims to enforce the personal guarantees, and denied the co-obligor partners' cross motion insofar as it sought to sanction HSC for spoliation by striking its counterclaim for contribution, unanimously affirmed, with costs.
Spring and the co-obligor partners were the sole partners of nonparty firm Wank Adams Slavin Associates LLP (WASA), which received a loan from Citibank, N.A.; Spring and the co-obligor partners personally guaranteed the loan debt. In July 2015, WASA filed a chapter 11 bankruptcy petition, triggering an event of default under the Citibank loan. Citibank demanded full payment, and in January 2016, it sued Spring and the co-obligor partners to enforce the guarantees. HSC, which Spring formed for the purpose of purchasing the loan, paid Citibank the full amount of the loan debt in exchange for an assignment of the loan, using funds provided by Spring. The bankruptcy court approved the assignment, and HSC later substituted itself as plaintiff in place of Citibank.
Spring, as a co-guarantor, may recover against the co-obligor partners only by means of a cause of action for contribution (see Panish v Rudolph, 282 AD2d 233, 233 [1st Dept 2001]). As a result, Spring will be able to recover from the co-obligor partners only to the extent he can show he paid in excess of his proportionate share of the debt (id.). Spring acknowledges having used his personal funds to purchase the Citibank debt; accordingly, his creation of HSC as a vehicle by which to effectuate the purchase does not affect our determination (see Mediclaim, Inc. v Groothuis, 38 AD3d 730, 731 [2d Dept 2007]). Moreover, although the guarantees were binding on and inured to the benefit of not only the parties but their assigns, the guarantees also contain a provision stating that they are governed by New York law; New York law, in turn, includes the rule regarding contribution as articulated in Panish and Mediclaim.
Neither the bankruptcy court's authorization of the assignment from Citibank to HSC nor the co-obligor partners' failure to object to the assignment changes the result in this case; the bankruptcy court and co-obligor partners may have endorsed the fact of the assignment, but they were silent as to its effect. Nor does the bankruptcy court's authorization of the assignment have res judicata effect, as the court did not rule on the nature of the relationship between HSC/Spring, on the one hand, and the co-obligor partners, on the other — the relationship at the core of this [*2]action.
The motion court providently exercised its discretion not to sanction Spring by striking the counterclaim on grounds of spoliation of certain WASA financial records (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 551 [2015]). Deceit warranting the striking of the counterclaim was not conclusively demonstrated (see Melcher v Apollo Med. Fund Mgt. L.L.C., 52 AD3d 244, 245 [1st Dept 2008]). The co-obligors and Spring are equally affected by the absence of the relevant financial records and neither party has reaped an unfair advantage in the litigation (see e.g. Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476, 479 [1st Dept 2011]; Holliday v Jones, 297 AD2d 471, 471 [1st Dept 2002]). Moreover, Supreme Court denied the
motion to strike without prejudice to the co-obligors' ability to raise it later in the litigation (see Handwerker v City of New York, 90 AD3d 409, [1st Dept 2011]).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021