■ BERNADETTE PANZELLA, P.C., Appellant, v GERARD D. DE-SANTIS, Respondent. ADAM STANGER, D.C., P.C., Nonparty Respondent. [830 NYS2d 200]—

In an action, inter alia, for a judgment declaring that neither the plaintiff, Bernadette Panzella, P.C., nor Bernadette Panzella, individually, are liable for the fees of Adam Stanger, D.C., P.C., who treated the plaintiff's client, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Minardo, J.), dated July 7, 2005, which denied its motion to remove a commercial small claims action brought by Adam Stanger, D.C., P.C., against Bernadette Panzella individually, to the Supreme Court, Richmond County, granted the defendant's cross motion for summary judgment dismissing the complaint and for the imposition of costs and sanctions, and directed a hearing "to determine what costs, if any, were incurred by the defendant DeSantis and Adam Stanger, D.C., P.C., including reasonable attorneys' fees, and in addition thereto to determine financial sanctions against the plaintiff for frivolous conduct," (2) an order of the same court dated December 22, 2005, which, after a hearing, directed the plaintiff to pay costs to the defendant in the sum of $274.42, to pay an attorney's fee and costs to Adam Stanger, D.C., P.C., in

the sum of $3,000, and to pay the Lawyers' Fund for Client Protection a sanction in the sum of $2,500, and (3) a judgment of the same court entered March 2, 2006, which is in favor of Adam Stanger, D.C., P.C., and against the plaintiff in the principal sum of $3,000.

Ordered that the appeal from so much of the order dated July 7, 2005 as directed a hearing is dismissed, on the ground that no appeal lies as of right from an order directing a hearing and leave to appeal has not been granted (see Sloboda v Sloboda, 24 AD3d 533 [2005]), and that portion of the order was superseded by the order dated December 22, 2005; and it is further,

Ordered that the order dated July 7, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that the appeal from so much of the order dated December 22, 2005 as awarded an attorney's fee and costs to Adam Stanger, D.C., P.C., in the sum of $3,000 is dismissed; and it is further,

Ordered that the order dated December 22, 2005 is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an amended judgment directing the plaintiff also to pay costs to the defendant in the sum of $274.42, and to pay the Lawyers' Fund for Client Protection a sanction in the sum of $2,500, and declaring that the plaintiff and/or Bernadette Panzella individually are liable for the fees of Adam Stanger, D.C., P.C.; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to Adam Stanger, D.C., P.C.

The appeal from so much of the intermediate order dated December 22, 2005 as awarded Adam Stanger, D.C., P.C., the sum of $3,000 for an attorney's fee and costs is dismissed on the ground that the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that provision of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant, the former attorney of the plaintiff's client, demonstrated his prima facie entitlement to judgment as a matter of law by submitting the alleged "medical lien" or assignment executed by the plaintiff and the plaintiff's client whom the plaintiff represented in a personal injury action. That document clearly defined the plaintiff's obligations to pay Adam Stanger, D.C., P.C., for his treatment of the client from the

proceeds of any settlement in the client's personal injury action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Matter of Caraballo v Santiago*, 103 Misc 2d 156, 157 [1980]; *Healy v Brotman*, 96 Misc 2d 386, 392 [1978]; *Brinkman v Moskowitz*, 38 Misc 2d 950, 951 [1962]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

Further, the Supreme Court providently exercised its discretion in awarding costs and reasonable attorney's fees to the defendant and Adam Stanger, D.C., P.C., based on the plaintiff's frivolous conduct in commencing the instant action and moving to remove a commercial small claims action brought by Adam Stanger, D.C, P.C., to the Supreme Court, Richmond County, so it could be consolidated with the instant action (*see* 22 NYCRR 130-1.1).

The Supreme Court improperly failed to state why it found the amount of the sanction of $2,500 imposed against the plaintiff to be appropriate (*see* 22 NYCRR 130-1.2; *Drummond v Drummond*, 291 AD2d 368, 370 [2002]). However, we find that the award of $2,500 to the Lawyers' Fund for Client Protection was appropriate in view of the plaintiff's waste of judicial resources (*see Weinstock v Weinstock*, 253 AD2d 873 [1998], *cert denied* 526 US 1088 [1999]).

All awards of costs and sanctions imposed should have been entered in the form of a judgment (*see* 22 NYCRR 130-1.2). Accordingly, the matter is remitted to the Supreme Court, Richmond County, so that the court may enter an appropriate amended judgment directing the plaintiff to also pay costs to the defendant in the sum of $274.42, and to pay the Lawyers' Fund for Client Protection a sanction in the sum of $2,500 (*see Weissman v Weissman*, 8 AD3d 263, 264 [2004]).

The plaintiff's remaining contentions are either not properly before this Court or without merit. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.