RICK A. SCHWAB, Respondent, v BETH ANN PHILLIPS, Defendant. PETER J. MOLLO, Nonparty Appellant. [912 NYS2d 255]—

In an action for a divorce and ancillary relief, nonparty Peter J. Mollo, the attorney for the defendant, appeals from an order of the Supreme Court, Kings County (Adams, J.), dated January 28, 2009, which, after a hearing, granted that branch of the plaintiff's motion which was to impose a sanction upon him and for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1, directed him to pay a sanction to the Lawyers' Fund for Client Protection in the sum of $2,500, and, in effect, awarded costs and an attorney's fee to the plaintiff in the sum of $40,000, payable by him and the defendant.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof, in effect, awarding costs and an attorney's fee to the plaintiff in the sum of $40,000, and substituting therefor a provision awarding costs and an attorney's fee to the plaintiff in the sum of $10,000; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly granted that branch of the plaintiff's motion which was to impose a sanction upon the nonparty appellant, Peter J. Mollo, and for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1. As attorney for the wife in the instant divorce action, the appellant engaged in frivolous conduct, as defined by 22 NYCRR 130-1.1 (c), when he deposited funds from the sale of marital property into his attorney escrow account and, during the pendency of the divorce action, issued a check drawn on that account to the wife in an amount equal to approximately one half of the funds deposited, thereby violating a stipulation entered into between the husband and wife. The appellant falsely reported to the Supreme Court that he was unaware of the stipulation. That false representation constituted a material factual statement that was false and, therefore, was frivolous (*see* 22 NYCRR 130-

1.1 [c] [3]). Although the Supreme Court properly set forth "the conduct on which the . . . imposition [of sanctions was] based [and] the reasons why [it] found [such] conduct to be frivolous" (22 NYCRR 130-1.2; *see Dwaileebe v Six Flags Darien Lake*, 21 AD3d 1282, 1282-1283 [2005]), it failed to state why it found the sum of $2,500 to be appropriate (*see* 22 NYCRR 130-1.2; *Bernadette Panzella, P.C. v DeSantis*, 36 AD3d 734, 736 [2007]; *Drummond v Drummond*, 291 AD2d 368, 370 [2002]). However, we find that the sum of $2,500 was appropriate in light of the appellant's conduct (*see Astrada v Archer*, 71 AD3d 803 [2010]; *see also Bernadette Panzella, P.C. v DeSantis*, 36 AD3d at 736).

As for the award of costs and an attorney's fee, the Supreme Court properly set forth "the conduct on which the award . . . [was] based [and] the reasons why [it] found [such] conduct to be frivolous" (22 NYCRR 130-1.2). However, the Supreme Court failed to set forth the reasons why it found the sum of $40,000 to be appropriate, as required by 22 NYCRR 130-1.2. An award in this sum was excessive. An award of costs and an attorney's fee in the sum of $10,000 is appropriate in light of the proof as to such costs and attorney's fees presented by the husband's attorney (*cf. Weinstock v Weinstock*, 253 AD2d 873 [1998], *cert denied* 526 US 1088 [1999]). Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.