■ COMMISSIONERS OF STATE INSURANCE FUND, Respondent, v JOSEPH C. KERNELL II, Appellant. [938 NYS2d 104]—

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his motion which was to hold the plaintiff's counsel in civil contempt. "In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect," and "[i]t must appear, with reasonable certainty, that the order has been disobeyed" (*Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *see Rubin v Rubin*, 78 AD3d 812, 813 [2010]). In this case, there was no order of the court in effect, expressing an unequivocal mandate, which the plaintiff's counsel disobeyed. Accordingly, the Supreme Court properly denied that branch of the defendant's motion (*see Wheels Am. N.Y., Ltd. v Montalvo*, 50 AD3d 1130, 1130-1131 [2008]).

The Supreme Court improvidently exercised its discretion, however, in denying that branch of the defendant's motion which was to impose sanctions upon the plaintiff and its counsel pursuant to 22 NYCRR 130-1.1. The defendant demonstrated that the plaintiff and its counsel engaged in frivolous conduct in that they either did not have the necessary documentation upon which to formulate or support a meritorious claim, or, being in possession of the documentation, knew or should have known, based upon prior litigation and correspondence from the defendant, that the plaintiff's claim was completely without merit in law. Under the circumstances, we deem it appropriate to impose sanctions upon the plaintiff in the sum of $2,500, and upon the plaintiff's counsel in the sum of $1,000 (*see* 22 NYCRR 130-1.1), payable pursuant to 22 NYCRR 130-1.3.

The defendant's remaining contentions are without merit. Skelos, J.P., Hall, Austin and Miller, JJ., concur.