In an action, inter alia, to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, *836 J.), entered January 26, 2010, as granted the plaintiffs cross motion pursuant to 22 NYCRR 130-1.1 to impose a sanction upon him in the sum of $10,000, in effect, denied that branch of his motion which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiff, and granted that branch of his motion which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiffs attorney, the nonparty Jeffrey Levitt, only to the extent of directing Jeffrey Levitt to pay the sum of $2,500 to the Lawyers’ Fund for Client Protection, and the nonparty Jeffrey Levitt cross-appeals from so much of the same order as granted that branch of the defendant’s motion which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon him to the extent of directing him to pay the sum of $2,500 to the Lawyers’ Fund for Client Protection.
Ordered that on the Court’s own motion, the notice of cross appeal dated September 20, 2011, is deemed to be a notice of cross appeal by the nonparty Jeffrey Levitt (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605, 606 [2004]); and it is further,
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant’s motion which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the nonparty Jeffrey Levitt only to the extent of directing Jeffrey Levitt to pay the sum of $2,500 to the Lawyers’ Fund for Client Protection, and substituting therefor a provision granting that branch of the defendant’s motion to the extent of directing Jeffrey Levitt to pay the sum of $10,000 to the Lawyers’ Fund for Client Protection; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The Supreme Court providently exercised its discretion in granting the plaintiffs cross motion pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the defendant in the sum of $10,000 (see 22 NYCRR 130-1.1 [a], [c]; Grossman v New York Life Ins. Co., 90 AD3d 990, 992 [2011]). Contrary to the defendant’s contention, since the plaintiff expressly requested the subject relief in his cross motion papers, and the defendant was afforded an opportunity to be heard and to oppose the cross motion, a hearing was not required (see 22 NYCRR 130-1.1 [d]; Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 413 n [1990]; Matter of Nazario v Ciafone, 65 AD3d 1240, 1241 [2009]). Although the Supreme Court did not set forth “the reasons why the court found the amount. . . imposed to be appropriate” (22 NYCRR 130-1.2), we find that the sum imposed upon the de *837 fendant was appropriate in light of his conduct (see Schwab v Phillips, 78 AD3d 1036, 1037 [2010]; see also Bernadette Panzella, P.C. v DeSantis, 36 AD3d 734, 736 [2007]).
However, the Supreme Court improvidently exercised its discretion in granting that branch of the defendant’s motion which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiffs attorney, the nonparty Jeffrey Levitt, only to the extent of directing Levitt to pay the sum of $2,500 to the Lawyers’ Fund for Client Protection. Under the circumstances of this case, the court should have granted that branch of the defendant’s motion to the extent of directing Levitt to pay the sum of $10,000 to the Lawyers’ Fund for Client Protection (see generally Commissioners of State Ins. Fund v Kernell, 91 AD3d 811 [2012]).
The defendant’s remaining contentions are without merit. Angiolillo, J.E, Dickerson, Miller and Hinds-Radix, JJ., concur. [Prior Case History: 2010 NY Slip Op 31721(U).]