■ In the Matter of BIBI KHAN-SOLEIL, Petitioner, v ARMANI RASHAD, Respondent. AUSTIN I. IDEHEN, Nonparty Appellant.

(Proceeding No. 1.) In the Matter of ARMANI RASHAD, Petitioner, v BIBI KHAN-SOLEIL, Respondent. AUSTIN I IDEHEN, Nonparty Appellant. (Proceeding No. 2.) [974 NYS2d 798]—

In related child custody proceedings pursuant to Family Court Act article 6, nonparty Austin I. Idehen appeals from an order of the Family Court, Kings County (Hepner, J.), dated June 11, 2012, which, sua sponte, imposed a sanction upon him in the sum of $500.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Sanctions may be imposed "either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]). "The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case" (22 NYCRR 130-1.1 [d]; see Breslaw v Breslaw, 209 AD2d 662, 663 [1994]). The decision of whether to award sanctions and the amount or nature of those sanctions is generally entrusted to the trial court's sound discretion (see Navin v Mosquera, 30 AD3d 883, 883-884 [2006]; Riley v ISS Intl. Serv. Sys., 304 AD2d 637 [2003]; Sawh v Bridges, 120 AD2d 74, 78 [1986]).

Here, the imposition of a sanction was warranted, and the nonparty-appellant was afforded a reasonable opportunity to be heard (see Polidori v Societe Generale Group, 57 AD3d 369 [2008]; RCN Constr. Corp. v Fleet Bank, N.A., 34 AD3d 776, 777 [2006]; see also Breslaw v Breslaw, 209 AD2d at 663). Furthermore, the Family Court adequately explained the basis for its decision to impose a sanction (compare Polidori v Societe Generale Group, 57 AD3d at 369). Although the court did not set forth "the reasons why the court found the amount . . . imposed to be appropriate" (22 NYCRR 130-1.2), we find that the record is sufficient and that the sum imposed upon the nonparty-appellant was appropriate in light of his waste of judicial resources (see Selletti v Liotti, 104 AD3d 835, 836-837 [2013]; Schwab v Phillips, 78 AD3d 1036, 1037 [2010]; Bernadette Panzella, P.C. v DeSantis, 36 AD3d 734 [2007]). Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.