*899 In a matrimonial action in which the parties were divorced by an amended judgment dated April 25, 2005, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Neary, J.), entered January 24, 2012, and (2) a judgment of the same court entered March 30, 2012, and the nonparty Johnson & Cohen, LLP, appeals, as limited by its brief, from so much of the same judgment, as, upon the order entered January 24, 2012, denying the plaintiffs motion, inter alia, for a judgment pursuant to CPLR 3001 making certain declarations, and granting, without a hearing, that branch of the defendant’s cross motion which was for an award of attorney’s fees and expenses payable by the plaintiff and her counsel, the nonparty Johnson & Cohen, LLP, upon finding that the plaintiffs motion constituted frivolous conduct within the meaning of 22 NYCRR 130-1.1, is in favor of the defendant and against it in the principal sum of $17,594.92.
Ordered that the appeals by the plaintiff from the order and the judgment are dismissed as abandoned; and it is further,
Ordered that the judgment is affirmed insofar as appealed from by the nonparty Johnson & Cohen, LLP; and it is further,
Ordered that the defendant is awarded one bill of costs payable by the nonparty Johnson & Cohen, LLP
The Supreme Court providently exercised its discretion in granting that branch of the defendant’s cross motion pursuant to 22 NYCRR 130-1.1 which was for an award of attorney’s fees and expenses payable by counsel for the plaintiff, nonparty appellant Johnson & Cohen, LLP (hereafter J&C), in the sum of $17,594.92 (see 22 NYCRR 130-1.1 [a], [c]; Breytman v Schechter, 101 AD3d 783 [2012]; Trajkovic v Trajkovic, 98 AD3d 575, 576 [2012]). Contrary to J&C’s contention, since the defendant expressly requested the subject relief in his cross motion papers, and J&C was afforded an opportunity to be heard and to oppose the cross motion, a hearing was not required (see 22 NYCRR 130-1.1 [d]; Wesche v Wesche, 51 AD3d 909, 911 [2008]; RCN Constr. Corp. v Fleet Bank, N.A., 34 AD3d 776 [2006]). “As for the award of [expenses] and an attorney’s fee, the Supreme Court properly set forth ‘the conduct on which the award . . . [was] based [and] the reasons why [it] found [such] conduct to be frivolous’ ” (Schwab v Phillips, 78 AD3d 1036, 1037 [2010], quoting 22 NYCRR 130-1.2). Although the Supreme Court did not set forth “the reasons why the court found the amount . . . imposed to be appropriate” (22 NYCRR 130-1.2), we find that the sum imposed upon J&C was appropriate in light of its *900 conduct (see Selletti v Liotti, 104 AD3d 835 [2013]; 47 Thames Realty, LLC v Robinson, 85 AD3d 851 [2011]). Angiolillo, J.E, Dickerson, Chambers and Cohen, JJ., concur.