■ Thomas DiMattina, as Trustee for Victoria DiMattina, Appellant, v Russell Cascardo, Respondent, et al., Defendants. (Action No. 1.) Thomas DiMattina, as Trustee for Victoria DiMattina, Appellant, v Russell Cascardo et al., Respondents. (Action No. 2.) [48 NYS3d 201]—

In two related actions to foreclose a mortgage (action Nos. 1 and 2), which were joined for disposition, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Weston, J.), dated May 22, 2015, as, in action No. 1 under index No. 18275/03, denied that branch of his motion which was for leave to renew his opposition to the motion of the defendant Russell Cascardo pursuant to CPLR 3211 (a) (5) to dismiss the complaint and, upon renewal, to vacate an order of the same court dated October 3, 2003, which granted that defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint, and, in action No. 2 under index No. 11045/14, granted that branch of the defendants' motion which

was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon him to the extent of directing him to pay the sum of $20,000 to the Clerk of Kings County for transmittal to the Commissioner of Taxation and Finance.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendants' motion, in action No. 2 under index No. 11045/14, which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiff to the extent of directing the plaintiff to pay the sum of $20,000 to the Clerk of Kings County for transmittal to the Commissioner of Taxation and Finance, and substituting therefor a provision granting that branch of the defendants' motion only to the extent of directing the plaintiff to pay the sum of $10,000 to the Clerk of Kings County for transmittal to the Commissioner of Taxation and Finance; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants Russell Cascardo and 150 Second Avenue, Inc.

In May 2003, the plaintiff commenced an action (action No. 1 under index No. 18275/03) against the defendant Russell Cascardo, and others, to foreclose on a purchase money mortgage encumbering a parcel of real property. The underlying note was executed by Cascardo in 1990, and the maturity date of the note was July 30, 1995. Cascardo moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred by the applicable six-year statute of limitations. In opposition, the plaintiff argued that the statute of limitations had not run because the subject note allegedly was extended for a period of three years, terminating on July 30, 1998. In an order dated October 3, 2003, the Supreme Court granted Cascardo's motion. In September 2008, the mortgage was discharged.

In August 2014, the plaintiff moved, inter alia, pursuant to CPLR 2221 for leave to renew his opposition to Cascardo's motion and, upon renewal, to vacate the order dated October 3, 2003. The plaintiff claimed that, in May 2012, while cleaning out his attic, he found a mortgage and mortgage note extension agreement dated May 1, 1995 (hereinafter the 1995 extension agreement), which extended the maturity date of the note until July 30, 2008. The plaintiff also commenced a separate action to foreclose the mortgage against Cascardo and 150 Second Avenue, Inc. (hereinafter together the Cascardo defendants) (action No. 2 under index No. 11045/14), based on the 1995 extension agreement. Cascardo opposed the plaintiff's motion in action No. 1 and, in action No. 2, the Cascardo defendants moved, inter alia, to dismiss the complaint pursuant to CPLR

3211 (a), and to impose a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1.

The Supreme Court, among other things, denied that branch of the plaintiff's motion in action No. 1 which was for leave to renew and granted that branch of the Cascardo defendants' motion in action No. 2 which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiff to the extent of directing him to pay the sum of $20,000 to the Clerk of Kings County for transmittal to the Commissioner of Taxation and Finance. The plaintiff appeals, and we modify.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew his opposition to Cascardo's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint in action No. 1. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 586 [2012]; *see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 982 [2015]). "However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d at 586 [internal quotation marks omitted]; *see Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 891 [2015]).

Here, the plaintiff did not set forth a reasonable justification for failing to present the alleged new facts (i.e., the 1995 extension agreement) in opposition to Cascardo's motion to dismiss the complaint in action No. 1. Indeed, the plaintiff never mentioned the 1995 extension agreement, which purportedly extended the maturity date of the note until July 30, 2008, in opposition to Cascardo's motion, and took the inconsistent position that the subject note was extended for a period of only three years, terminating on July 30, 1998. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew his opposition to Cascardo's motion to dismiss the complaint in action No. 1 (*see JBGR, LLC v Chicago Tit. Ins. Co.*, 128 AD3d 900, 904 [2015]).

With respect to the imposition of a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1, contrary to the plaintiff's

contention, the Supreme Court properly set forth the conduct on which the imposition of a sanction was based and the reasons why it found such conduct to be frivolous (see 22 NYCRR 130-1.2). Further, the court properly determined that the plaintiff engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1. However, the court failed to set forth the reasons why it found the sum of $20,000 to be appropriate, as required by 22 NYCRR 130-1.2. We find that a sanction in this sum was excessive (see Schwab v Phillips, 78 AD3d 1036, 1037 [2010]), and that a sanction in the sum of $10,000 is appropriate in light of the plaintiff's conduct (see Selletti v Liotti, 104 AD3d 835 [2013]). Under these circumstances, the Supreme Court should have granted that branch of the Cascardo defendants' motion which was to impose a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1 only to the extent of directing the plaintiff to pay the sum of $10,000 to the Clerk of Kings County for transmittal to the Commissioner of Taxation and Finance (see 22 NYCRR 130-1.3). Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.