M&T Bank v Friedmann (2023 NY Slip Op 03458)

M&T Bank v Friedmann

2023 NY Slip Op 03458

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2019-14392
 (Index No. 36404/18)

[*1]M & T Bank, plaintiff, 
v
Samuel Friedmann, et al., defendants; Jerome E. Goldman, etc., nonparty- appellant.

Jerome E. Goldman, Brooklyn, NY, nonparty-appellant pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, nonparty Jerome E. Goldman, counsel for the defendants, appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated November 12, 2019. The order, after a hearing, sua sponte, imposed a sanction pursuant to 22 NYCRR 130-1.1 against that nonparty in the sum of $2,000.
ORDERED that, on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
No appeal lies as of right from an order which did not decide a motion made upon notice, including an order entered sua sponte (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335). Here, the order on appeal was issued, sua sponte, after the Supreme Court directed nonparty Jerome E. Goldman to show cause why a sanction should not be imposed against him. Thus, to address the merits of the issue presented here, on the Court's own motion, we deem the notice of appeal to be an application for leave to appeal, and we grant such leave (see Sholes v Meagher, 100 NY2d at 335; Oppedisano v Oppedisano, 138 AD3d 1080, 1080).
Goldman served as counsel for all of the defendants in this action which was commenced by the plaintiff, M & T Bank, inter alia, to recover damages for breach of contract. Following commencement of this action, one of the defendants, New Dover Group, Ltd. (hereinafter New Dover), commenced a bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York (hereinafter the bankruptcy court). The Supreme Court thereafter rejected the defendants' contention that an automatic bankruptcy stay of this action against New Dover prevented the plaintiff from proceeding in this action against the other defendants (hereinafter the non-debtor defendants) (see 11 USC § 362; Matter of State of New York v DeFranco Ford, 202 AD2d 593, 594).
In September 2019, New Dover's bankruptcy counsel filed an emergency application in the bankruptcy court, by order to show cause, to enjoin in this action a hearing by the Supreme Court regarding a motion by the plaintiff for summary judgment against the non-debtor defendants. Upon being advised of the application in the bankruptcy court, the plaintiff agreed to adjourn the oral [*2]argument of its motion in the Supreme Court. Thereafter, in October 2019, the parties appeared for oral argument of the plaintiff's motion. Goldman did not appear on behalf of the non-debtor defendants; instead, a per diem attorney appeared on their behalf and requested another adjournment to allow the bankruptcy court to first determine the pending application to stay this action against the non-debtor defendants. In opposition to the request, counsel for the plaintiff proffered to the court a September 26, 2019 email from the bankruptcy court to New Dover's bankruptcy counsel, among others, in which the bankruptcy court informed counsel that it saw no reason to schedule an emergency hearing since it had ascertained that, contrary to the implication in the pending application before it, the plaintiff was not proceeding against New Dover in this action, and was only proceeding against the non-debtor defendants. The bankruptcy court indicated in its email that it felt misled by New Dover's bankruptcy counsel, who "created an emergency of his own making, and caused [the plaintiff] and the [Supreme Court] to adjourn a hearing that should not have been delayed."
The Supreme Court then denied the adjournment request and granted the plaintiff's motion. The court further directed Goldman to show cause why a sanction should not be imposed against him for frivolous conduct. Following a hearing, the court determined that Goldman engaged in frivolous conduct undertaken primarily to delay the resolution of the action, within the meaning of 22 NYCRR 130-1.1(c)(2), by seeking to adjourn the motion based on the false assertion that there was an issue pending in the bankruptcy court, when he knew or should have known that the issue had already been resolved in that court. The court imposed a sanction against Goldman in the sum of $2,000, payable to the Lawyers' Fund for Client Protection.
Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after affording a party and/or the attorney for a party a reasonable opportunity to be heard, may impose sanctions against that party or the attorney for a party, or both, for frivolous conduct (see id. § 130-1.1[b], [d]; Miller v Cruise Fantasies, Ltd., 74 AD3d 919, 920). Conduct is frivolous if "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][2]). "In determining whether the conduct undertaken was frivolous, the court shall consider . . . the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (id. § 130-1.1[c]; see U.S. Bank N.A. v Gonzalez, 99 AD3d 694, 695).
Here, the Supreme Court providently exercised its discretion in imposing a sanction against Goldman for frivolous conduct (see Pathak v Shukla, 164 AD3d 687, 689; U.S. Bank N.A. v Gonzalez, 99 AD3d at 695). Although the court had already rejected the Goldman's contention that the automatic bankruptcy stay applied to the non-debtor defendants in this action, Goldman nonetheless urged New Dover's bankruptcy counsel to move in the bankruptcy court for a stay of this action with respect to the non-debtor defendants. Then, Goldman failed to appear on the return date of the motion before the Supreme Court, and instead instructed per diem counsel to seek a further delay of the action based on the erroneous representation that the application for an immediate stay of the action remained undetermined by the bankruptcy court, without first making any attempt to verify the accuracy of that representation. The court's determination that Goldman's actions were "undertaken primarily to delay or prolong the resolution of the litigation" against the non-debtor defendants is supported by the record (22 NYCRR 130-1.1[c][2]; see Pathak v Shukla, 164 AD3d at 689; U.S. Bank N.A. v Gonzalez, 99 AD3d at 695).
Although the Supreme Court "properly set forth 'the conduct on which the award . . . [was] based [and] the reasons why [it] found [such] conduct to be frivolous'" (Schwab v Phillips, 78 AD3d 1036, 1037, quoting 22 NYCRR 130-1.2; see DiMattina v Cascardo, 147 AD3d 906, 909), the court also should have set forth "the reasons why [it] found the amount . . . imposed to be appropriate" (22 NYCRR 130-1.2; see Levine v Levine, 111 AD3d 898, 899-900). However, we find that the sum of $2,000 to be paid by Goldman to the Lawyers' Fund for Client Protection was appropriate in view of Goldman's conduct (see Bernadette Panzella, P.C. v De Santis, 36 AD3d 734, [*3]736).
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court