**Loan Funder LLC v Legacy Homes Realty, Ltd.**

2025 NY Slip Op 34053(U)

October 28, 2025

Supreme Court, Nassau County

Docket Number: Index No. 611906/2020

Judge: Felice J. Muraca

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

P R E S E N T :

**HON. FELICE J. MURACA**, A.J.S.C.                    **IAS/TRIAL PART 41**

---

**LOAN FUNDER LLC, SERIES 5241,**

                                    Plaintiff,

-against-

**LEGACY HOMES REALTY, LTD., et al.**,

                                    Defendants.

**DECISION & ORDER**
Index No: 611906/2020
Motion Seq. #: 007, 008

---

E-filed documents 116-147 and 154-165 were reviewed in preparing this Decision and Order.

This action stems from a foreclosure on a mortgage for a property located at 32 Allers Blvd., Roosevelt, New York, where Defendant was a borrower on the note. Plaintiff was granted summary judgment and an Order of Reference upon default. A foreclosure sale was held on August 8, 2022, and the property was sold to third-party bidders: David Badalov and Eshagh Nataneli ("Third-Party Bidders"), who thereafter assigned the bid to Avoda, LLC ("Assignee").

On June 4, 2024, Plaintiff moved by Order to Show Cause (Mot. Seq. # 006) seeking an order allowing re-sale, release of deposit, and other related relief due to the non-party, Third-Party Bidders and Assignee's default pursuant to the Terms of Sale for failure to close on the property. The parties appeared by counsel in Court on June 25, 2024, and entered a stipulation to resolve the motion (the "Stipulation"). The Stipulation acknowledged that the Third-Party Bidders and Assignee were in default of the Terms of Sale for failure to close and consented to an order being entered for the requested relief to avoid sanctions. Thereafter, Plaintiff submitted a proposed order

1

[* 1]

(NYSCEF Doc #108)[1] in accordance with the Stipulation, which was signed by the Court and entered on July 30, 2024 ("Order").

Third-Party Bidder, Nataneli, and Assignee, Avoda, LLC ("Movants") now move for an order granting vacatur of the Order, as it relates to a $45,000 dollar deposit, and the ability to resell the property at public auction; vacating page four of document # 110; an order for several declaratory judgments, declaring: (1) full force and effect of March 16, 2022 and July 25, 2024 Orders; that (2) Brian Davis' (Assigned Referee) alterations are deemed void; that (3) Brian Davis had no authority to conduct a resale; that (4) Avoda, LLC did not default at the closing; that (5) Avoda, LLC had a lawful excuse for not paying the referee at the closing; and (6) compelling the custodian of the $45,000.00 dollar bid deposit to release the funds. Movants' counsel, the Law Office of Sean Sabeti, is disavowing any previous representation of Third-Party Bidder, Badalov, claiming it never represented Badalov's interest. This contentious point will be further addressed and determined herein.

The Movants' papers are deficient to establish vacatur is warranted under CPLR 5015. Nor have the Movants demonstrated their entitlement to a declaratory judgment for the various relief they seek, and likewise, there is no valid reason to compel the deposit to be refunded. The Movants also did not attempt to overcome the very high burden of establishing that the Stipulation is not valid on behalf of Badalov pursuant to CPLR 2104.

Movants' counsel now claims – without *any* explanation – it does not represent Badalov. Movants' counsel appeared before this Court on June 25, 2024, and signed the Stipulation, indicating it represented and had authority for Badalov. In the signature lines of the Stipulation, proffered in support of Plaintiff's opposition (NYSCEF Doc #140), the pre-printed "Attorney for the Defendant" was very clearly, struck out, and: "Attorney for Bidder & Assignee Eshagh Nataneli, *David Badalov,* & Avoda, LLC" (emphasis added), was handwritten in. Above the signature line, "Law Office of Sean Sabeti" was also handwritten in.

An attorney's agreement to a stipulation can be binding "even where it exceeds the attorney's actual authority if the attorney had apparent authority to enter into the stipulation."

---

[1] Third-Party Bidders and Assignee did not object to or reject Plaintiff's proposed Order, nor did they submit a proposed counter-order.

[* 2]

(*Amerally v. Liberty King Produce, Inc.* (170 A.D.3d 637 [2d Dept. 2019]). Here, it is very clear that Movants' counsel had apparent authority to settle Mot. Seq. #006 on behalf of Badalov on June 25, 2024. Movant's counsel does not provide any credible explanation for why he signed the Stipulation on behalf of Badalov if he did *not* have authority – actual or apparent.

It is also worth noting that had Movants' counsel not represented Badalov on June 25, 2024, the motion would've been marked submitted without opposition from Badalov. So, despite Movants' claim to the contrary, the results would have been the exact same, considering Movants' counsel is not claiming it did not represent Nataneli and Avoda, LLC.

In their Opposition, Plaintiff asks for sanctions for the costs incurred in opposing Movants' frivolous motion.[2] Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after affording a party and/or the attorney for a party a reasonable opportunity to be heard, may impose sanctions against that party or the attorney for a party, **or both**, for frivolous conduct (*see id.* § 130-1.1 [b], [d]; *Miller v Cruise Fantasies, Ltd.*, 74 AD3d 919, 920 [2010]). Conduct is frivolous if "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). In determining whether the conduct undertaken was frivolous, the court shall consider . . . the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party." (*M&T Bank v Friedmann*, 217 AD3d 934, 936 [2d Dept 2023]).

Movants' have had an opportunity to be heard on sanctions. Movants' application completely ignores the fact that the Law Office of Sean Sabeti signed the Stipulation on behalf of Nataneli, Avoda, LLC, *and* Badalov with the apparent intention of resolving Motion Seq. #006. Movants' and Movants' counsel do not explain this affirmative act – they do not blame law office failure nor state it was a clerical error – instead they attempt to mislead this Court by intentionally omitting this fact. Movants' attempt to vacate the Court's Order without even addressing the

---

[2] Plaintiff moved for sanctions in Mot. Seq. #006, against Nataneli, for a filing a frivolous action (*Eshagh Netaneli v. Brian Davis & Loan Funder LLC Series 5241*, Index No. 616780/2023), against the Referee and Plaintiff with false affidavits, which stayed this action for months. That action was dismissed by Order entered on April 25, 2024 (Kapoor, J.) – with the Court holding, *inter alia*, that the new and separate action was improperly commenced "rather than intervening in the foreclosure action." Plaintiff waived its request for sanctions in the Stipulation.

[* 3]

Stipulation, despite Movant's Counsel's own signature, without any explanation to the contrary, is an egregious and a frivolous application warranting sanctions.

Accordingly, the Movants are sanctioned pursuant to 22 NYCRR 130-1.1 and will be responsible for Plaintiff's costs in defending this friviolous motion, with the amount to be determined upon Plaintiff's submission of proof and a proposed judgment. Movants' counsel is also sanctioned in the amount of $1,000.00 dollars, as this baseless application was without merit, and is another clear attempt of the non-bidders attempt to circumvent the judicial system. The Court finds this sanction is appropriate given the nature of the frivolous claim. (*M&T Bank v Friedmann*, 217 AD3d at 937).

Plaintiff also moves to extend time to conduct a foreclosure sale and other related relief (Mot. Seq. #008). No opposition has been submitted despite it appearing from a review of the documentation presented that all necessary parties have been served with notice of this application. Upon review of the papers, the Court finds that relief requested is appropriate.

Accordingly, it is hereby

**ORDERED**, that non-party Movants' motion (Seq. # 007) is **DENIED**; and it is further

**ORDERED**, that Plaintiff is to submit proof of costs; and submit a judgment for the cost owed by non-party Movants, and submit a separate judgment for the $1,000.00 sanction against the Law Office of Sean Sabeti; and it is further

**ORDERED**, that Plaintiff's motion (Seq. #008) is **GRANTED**; the proposed order (NYSCEF Doc #164) as annexed to the moving papers shall be forwarded this date to the Foreclosure Department of this Court, and should it be found to be consistent with the terms of this and prior orders, and it shall be executed upon completion of such review.

Any relief requested not specifically addressed herein is denied.

This constitutes the Decision and Order of this Court.

Dated: October 28, 2025
Mineola, NY

ENTER:

HON. FELICE J. MURACA

**ENTERED**

Oct 31 2025

NASSAU COUNTY
COUNTY CLERK'S OFFICE

[* 4]