Private Capital Group LLC v Connor (2025 NY Slip Op 05980)

Private Capital Group LLC v Connor

2025 NY Slip Op 05980

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-05940
 (Index No. 2531/09)

[*1]Private Capital Group LLC, plaintiff,
v
Pearl Connor, et al., respondents, et al., defendants; Palm Avenue Hialeah Trust, etc., et al., nonparties-appellants.

Ross Eisenberg Law PLLC, Cedarhurst, NY (Ross Eisenberg pro se of counsel), for nonparties-appellants.
Sharova Law Firm, Brooklyn, NY (Charles W. Marino of counsel), for respondent Adrian Cutting.
In an action to foreclose a mortgage, nonparties Palm Avenue Hialeah Trust and Ross Eisenberg appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated May 31, 2022. The order, insofar as appealed from, after a hearing, granted the application of the defendants Pearl Connor and Adrian Cutting pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions for frivolous conduct to the extent of directing nonparty Ross Eisenberg to pay an attorney's fee to those defendants in the sum of $10,000 and to pay the sum of $5,000 to the Lawyers' Fund for Client Protection.

DECISION & ORDER
Motion by the respondent Adrian Cutting, inter alia, to dismiss the appeal from the order on the ground that the order is not the result of a motion made on notice and leave to appeal has not been granted. Application by the appellants, among other things, for leave to appeal to this Court from the order. By decision and order on motion dated June 14, 2024, those branches of the motion and the application were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the papers filed in support of the application, and no papers having been filed in opposition or relation thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that the order is not the result of a motion made on notice and leave to appeal has not been granted is denied and that branch of the application which is for leave to appeal to this Court from the order is granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Adrian Cutting.
In March 2002, the defendant Pearl Connor executed a note in the sum of $228,000 in favor of the plaintiff's predecessor in interest, which was secured by a mortgage on certain real property located in Brooklyn. In May 2006, after Connor allegedly defaulted on her obligations under the note and mortgage, the plaintiff's predecessor in interest commenced an action against Connor, among others, to foreclose the mortgage (hereinafter the prior action). In October 2007, the Supreme Court in the prior action issued a judgment of foreclosure and sale upon Connor's default.
Thereafter, in or about February 2009, the plaintiff commenced this action against, among others, Connor and the defendant Adrian Cutting (hereinafter together the defendants) to foreclose the mortgage. The defendants interposed an answer asserting various affirmative defenses. In February 2022, in a pretrial submission made in advance of a bench trial scheduled for the following month, the defendants argued that the Supreme Court should dismiss the complaint insofar as asserted against them pursuant to RPAPL 1301(3) because the plaintiff never sought leave to commence this action, despite the entry of a judgment of foreclosure and sale in the prior action. At the outset of the bench trial, the defendants orally moved to dismiss the complaint insofar as asserted against them on that ground. The defendants also made an application pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions for frivolous conduct. In an order dated March 24, 2022, the court granted the defendants' motion, while also granting their application to the extent of directing a hearing thereon. By order dated May 31, 2022, the court, after a hearing, granted the defendants' application to the extent of directing nonparty Ross Eisenberg, the plaintiff's counsel, to pay an attorney's fee to the defendants in the sum of $10,000 and to pay the sum of $5,000 to the Lawyers' Fund for Client Protection. This appeal ensued.
"Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after a reasonable opportunity to be heard, may impose costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorneys' fees, and/or sanctions against a party or the attorney for a party, or both, for frivolous conduct" (Matter of Hunte v Jones, 221 AD3d 813, 815). "'[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false'" (Whelan v Busiello, 219 AD3d 778, 780-781, quoting 22 NYCRR 130-1.1[c]). "'In determining whether the conduct undertaken was frivolous, the court shall consider . . . the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party'" (M & T Bank v Friedmann, 217 AD3d 934, 936, quoting 22 NYCRR 130-1.1[c]).
Here, the Supreme Court providently exercised its discretion in granting the defendants' application pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions for frivolous conduct to the extent indicated (see Matter of McCrory v Village of Mamaroneck Bd. of Trustees, 230 AD3d 786, 792; Newkirk v Newkirk, 219 AD3d 493, 494; Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 963). "Although the Supreme Court properly set forth the conduct on which the award was based and the reasons why it found such conduct to be frivolous, the court also should have set forth the reasons why it found the amount imposed to be appropriate" (M & T Bank v Friedmann, 217 AD3d at 937 [alterations, citations, and internal quotation marks omitted]; see 22 NYCRR 130-1.2). Nonetheless, we find that the sums awarded to the defendants for an attorney's fee and imposed upon Eisenberg as a sanction were appropriate in light of his conduct (see M & T Bank v Friedmann, 217 AD3d at 937; Levine v Levine, 111 AD3d 898, 899; Schwab v Phillips, 78 AD3d 1036, 1037).
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court