Weslowski v Zugibe (2026 NY Slip Op 01244)

Weslowski v Zugibe

2026 NY Slip Op 01244

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-09009
 (Index No. 31752/16)

[*1]John L Weslowski, appellant, 
vPatricia Zugibe, etc., et al., respondents.

John L. Weslowski, Schenectady, NY, appellant pro se.
Saretsky Katz & Dranoff, LLP, Elmsford, NY (Robert B. Weissman of counsel), for respondent County of Rockland.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated October 21, 2020. The order, insofar as appealed from, denied the plaintiff's motion to direct the Rockland County Clerk to enter a final judgment pursuant to CPLR 5016(c) in favor of the defendant County of Rockland and against the plaintiff and granted that branch of the defendants' cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2016, the plaintiff commenced this action against the defendants, alleging that he was wrongfully terminated and asserting seven causes of action, including a cause of action alleging a violation of Executive Law § 296 (hereinafter the third cause of action). County of Rockland and Jeffrey J. Fortunato moved, and Patricia Zugibe separately moved, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order dated July 21, 2016 (hereinafter the 2016 order), the Supreme Court, inter alia, denied those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against each of them, but granted those branches of the separate motions which were pursuant to CPLR 3211(a) to dismiss the remaining causes of action. In a decision and order dated December 19, 2018 (hereinafter the 2018 order on appeal), this Court affirmed the dismissal of the remaining causes of action, but reversed the 2016 order insofar as appealed from by the defendants and granted those branches of their separate motions which were pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against each of them (see Weslowski v Zugibe, 167 AD3d 972). The 2018 order on appeal was entered by the County Clerk as a final judgment in favor of the defendants and against the plaintiff.
In July 2020, the plaintiff moved to direct the Rockland County Clerk to enter a final judgment pursuant to CPLR 5016(c) in favor of the County and against the plaintiff. The defendants cross-moved, among other things, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff for frivolous conduct. In an order dated October 21, 2020, the Supreme Court, inter alia, denied the plaintiff's motion and granted that branch of the defendants' cross-motion. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion to direct the Rockland County Clerk to enter a final judgment pursuant to CPLR 5016(c) in favor of the County and against the plaintiff. The County Clerk had entered the 2018 order on appeal as a final judgment against the plaintiff prior to the plaintiff's instant motion (see CPLR 5016; Funk v Barry, 89 NY2d 364, 367), and the plaintiff is not entitled to a second identical final judgment entered against him.
Moreover, the Supreme Court also providently exercised its discretion in imposing sanctions upon the plaintiff. "Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, may impose sanctions against a party for frivolous conduct" (Finley v Finley, 233 AD3d 654, 655; see 22 NYCRR 130-1.1[a]). Conduct is frivolous if "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][2]; see M & T Bank v Friedmann, 217 AD3d 934, 936). In determining whether the conduct undertaken was frivolous, a court shall consider "the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1[c]; see Finley v Finley, 233 AD3d at 655). Here, the plaintiff, inter alia, unsuccessfully had sought the same relief requested in the instant motion before both this Court and the Court of Appeals. The record supports the conclusion that the plaintiff's action in making the instant motion was frivolous (see M & T Bank v Friedmann, 217 AD3d at 937).
The parties' remaining contentions are without merit.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court