Matter of Marinho v Apolinario (2022 NY Slip Op 00177)





Matter of Marinho v Apolinario


2022 NY Slip Op 00177


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-06854 
2020-06967
 (Docket Nos. V-07449-2020, V-7450-2020, V-07451-2020, V-07601-2020/20B/20C/20D, V-07602-2020/20B/20C/20D)

[*1]In the Matter of Nicolas Marinho, appellant,
v
Debora Apolinario, respondent. (Proceeding Nos. 1 and 2.)
In the Matter of Debora Apolinario, respondent,
v
Nicolas Marinho, appellant. (Proceeding Nos. 3, 4, and 5.)


Sandra Stines, Westbury, NY, for appellant.
P. Zarkadas, Centereach, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Suffolk County (Paul M. Hensley, J.), dated August 31, 2020, and (2) an order of the same court, also dated August 31, 2020. The order, insofar as appealed from, after a hearing, upon the decision, dismissed the father's amended petitions, with prejudice.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were previously married and have four children together. They resided in New Jersey during the marriage. On October 13, 2017, the parties entered into a Property Settlement and Separation Agreement (hereinafter the agreement) in New Jersey, designating the father as the party of "primary residential custody" and the mother as the party of "alternate residential custody," with the parties sharing joint legal custody. The agreement provided that "[t]his Agreement is entered into in the State of New Jersey and shall be construed and interpreted under and in accordance with the laws of the State of New Jersey." New Jersey Statutes Annotated provides, in pertinent part, that "[w]hen the Superior Court has jurisdiction over the custody and maintenance of the minor children of parents divorced . . . and such children are natives of this State . . . they shall not be removed out of the jurisdiction against their own consent, if of suitable age to signify the same, or while under that age without the consent of both parents, unless the court, upon cause shown, shall otherwise order" (NJSA 9:2-2). Paragraph 20 of the agreement provided that its [*2]terms "shall not be modified or varied by oral understandings" and paragraph 24 provided that "[f]ailure on the part of either party to insist upon strict performance of any of the provisions of this Agreement shall in no way constitute a waiver." The agreement was incorporated but not merged into the judgment of divorce entered by the Superior Court of New Jersey, Chancery Division.
In June 2019, the father relocated from New Jersey to Islip, New York, with the parties' oldest child and their two youngest children. On July 24, 2020, the two youngest children (hereinafter the subject children) went to the mother's home for the mother's parental access for the weekend, but the mother refused to return the subject children to the father.
The father commenced two proceedings in the Family Court, Suffolk County, in effect, to hold the mother in contempt for her willful violation of the custody provisions of the judgment of divorce and the provisions of the agreement incorporated therein, and for modification of those custody provisions. The mother cross-petitioned for modification of the custody provisions of the agreement.
At a hearing, the Family Court noted that the Superior Court of New Jersey had ceded jurisdiction to it. The mother's counsel contended that the father violated the agreement by relocating outside the State of New Jersey. The father testified at the hearing that he left New Jersey in June 2019 because he had been laid off from his job in New Jersey and he had found a new job on Long Island. He claimed that he contacted the mother in May 2019 regarding possible plans to move out of New Jersey, and although the mother "didn't love the idea," she "didn't oppose it."
In a decision dated August 31, 2020, the Family Court determined, after a hearing, that the father failed to establish that the mother violated the custody provisions of the agreement that were incorporated into the judgment of divorce. In the order appealed from, the Family Court, inter alia, dismissed the father's amended petitions with prejudice. The father appeals.
"To find a party in civil contempt pursuant to Judiciary Law § 753, the applicant must demonstrate, by clear and convincing evidence, '(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct'" (Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685, quoting El-Dehdan v El-Dehdan, 114 AD3d 4, 16, affd 26 NY3d 19 [internal quotation marks omitted]; see Judiciary Law § 753[A]). Here, the father failed to demonstrate by clear and convincing evidence that the mother knowingly disobeyed an unequivocal mandate of the court (see Judiciary Law § 753; Matter of Figueroa-Rolon v Torres, 121 AD3d at 685), since the father removed the subject children from New Jersey without judicial approval or the valid consent of the mother. As noted by the Family Court, the mother's alleged oral consent to the move did not comply with the agreement, which precluded modification by "oral understandings."
The remaining contentions of the father and the attorney for the subject children are without merit.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court