Matter of Garanin v Bykhovsky (2023 NY Slip Op 02514)

Matter of Garanin v Bykhovsky

2023 NY Slip Op 02514

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.

2022-08323
 (Docket Nos. V-2451-20, V-2452-20)

[*1]In the Matter of Vsevolod Sergeevich Garanin, appellant, 
v
Eirena Bykhovsky, respondent.

Andrew Lavoott Bluestone, New York, NY, for appellant.
Nicholas J. Murgolo, Staten Island, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Janet L. McFarland, J.), dated September 29, 2022. The order, after a hearing, denied that branch of the father's motion which was to hold the mother in civil contempt for violating two prior orders of the same court (Alexandra Byun, Ct. Atty. Ref.) dated March 5, 2021, and May 27, 2021, respectively.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated September 29, 2022, is affirmed, without costs or disbursements.
The parties have two children together, born in December 2018, and March 2020, respectively. In June 2020, the father filed a petition seeking parental access. Thereafter, the parties filed competing custody petitions. In September 2021, the father moved, among other things, to hold the mother in civil contempt for violating two orders of parental access dated March 5, 2021, and May 27, 2021, respectively. In an order dated September 29, 2022, the Family Court, after a hearing, denied that branch of the father's motion which was to hold the mother in civil contempt. The father appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Matter of Tedesco v Mazzara, 206 AD3d 917, 919 [internal quotation marks omitted]). "The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct" (Matter of Freeborn v Elco, 188 AD3d 677, 680 [internal quotation marks omitted]; see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29). Here, the father failed to demonstrate by clear and convincing evidence that the mother knowingly disobeyed an unequivocal mandate of the court (see Judiciary Law § 753[A][3]; Matter of Marinho v Apolinario, 201 AD3d 721, 723).
The Family Court correctly concluded that a proper foundation was not laid for the admission into evidence of certain emails (see Freed v Best, 203 AD3d 1143, 1146; Kanterakis v Minos Realty I, LLC, 151 AD3d 950, 952; cf. Matter of Colby II. [Sheba II.], 145 AD3d 1271, 1273).
The father's remaining contentions are without merit.
Accordingly, the Family Court providently exercised its discretion in denying that branch of the father's motion which was to hold the mother in civil contempt.
BARROS, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court