Matter of Hunte v Jones (2023 NY Slip Op 05731)

Matter of Hunte v Jones

2023 NY Slip Op 05731

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-03854
 (Docket No. V-1320-21/21J)

[*1]In the Matter of Richard Hunte, respondent,
v
Adreanna Jones, appellant.

Irene J. Goldsmith, White Plains, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated April 27, 2022. The order granted that branch of the father's motion which was pursuant to 22 NYCRR 130-1.1 for an award of reasonable attorneys' fees for frivolous conduct, and directed the mother to pay attorneys' fees in the sum of $1,250 to the father.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith before a different Judge.
The parties are the unmarried parents of the subject child, who was born in 2017. In an order dated November 6, 2017, the Family Court, Bronx County, awarded the parties joint legal custody of the child, with residential custody to the mother. By order dated April 1, 2019, the Family Court, Bronx County, granted the father's petition to modify a custody order dated August 9, 2018, and awarded him parental access on alternating weekends. Thereafter, in December 2020, the mother filed a petition in the Family Court, Bronx County, to modify the parties' custody order so as to award her sole legal custody of the child and to grant her permission to relocate with the child to Florida. The proceeding was transferred from the Family Court, Bronx County, to the Family Court, Westchester County. In February 2021, the father filed a petition to modify the prior custody orders and requesting, inter alia, additional parental access during the week.
By order to show cause dated October 4, 2021, the father moved pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions, costs, and reasonable attorneys' fees (hereinafter the sanctions motion). The father contended, inter alia, that the mother engaged in frivolous conduct by relocating to Florida with the child without prior court approval, and by commencing a separate custody proceeding in Florida. The Family Court signed the order to show cause, setting a return date of November 22, 2021, for the sanctions motion, but not setting a briefing schedule. On April 4, 2022, while the sanctions motion remained pending and undecided, the mother moved for the assigned Family Court Judge to recuse from the proceedings.
During proceedings on April 18, 2022, the Family Court indicated that the mother's prior assigned counsel was being relieved of his assignment, and acknowledged that the mother had new assigned counsel representing her. The court then stated that it intended to grant the mother's motion for recusal. The court also, in effect, denied the mother's new counsel's request to file [*2]opposition to the sanctions motion.
In an order dated April 27, 2022, the Family Court granted that branch of the sanctions motion which was for an award of reasonable attorneys' fees for frivolous conduct, and directed the mother to pay attorneys' fees in the sum of $1,250 to the father. In a separate order, also dated April 27, 2022, the court granted the mother's motion for recusal.
Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after a reasonable opportunity to be heard, may impose costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorneys' fees, and/or sanctions against a party or the attorney for a party, or both, for frivolous conduct (see id. § 130-1.1[a], [b], [d]). Pursuant to 22 NYCRR 130-1.1(d), "[a]n award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case."
Here, the mother contends that the Family Court improvidently exercised its discretion in awarding the father reasonable attorneys' fees without affording her a reasonable opportunity to be heard. We agree. Notably, the court never set a briefing schedule for the sanctions motion, and the court, in effect, denied the mother's new counsel's request to file opposition papers thereto. Under these circumstances, the mother did not receive a "reasonable opportunity to be heard" on the allegations in the sanctions motion (LeBoeuf v Greene, 216 AD3d 1149, 1151 [internal quotation marks omitted]; see Muhametaj v Town of Orangetown, 195 AD3d 627, 628).
Additionally, the Family Court improvidently exercised its discretion by deciding the sanctions motion after indicating to the parties during the April 18, 2022 court appearance that it intended to grant the mother's motion for recusal.
Accordingly, we reverse the order and remit the matter to the Family Court, Westchester County, to allow the mother a reasonable opportunity to be heard on the sanctions motion. Since the Family Court Judge who signed the order appealed from has recused from the matter, the matter must be remitted to a different Family Court Judge (see Friends of Keuka Lake v DeMay, 206 AD2d 850, 850; People v Acevedo, 140 AD2d 846, 847).
In light of our determination, we need not address the mother's remaining contention.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court