Matter of Kings County Hosp. v M.R. (2024 NY Slip Op 02016)

Matter of Kings County Hosp. v M.R.

2024 NY Slip Op 02016

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 514274/23 Appeal No. 2062 Case No. 2023-03370 

[*1]In the Matter of Kings County Hospital, Petitioner-Respondent,
v
M.R. (Anonymous), Respondent, Rebecca Kittrell, Esq., etc., Nonparty Appellant.

Michael D. Neville, Mental Hygiene Legal Service, Garden City (Felicia B. Rosen of counsel), for appellant.

Order, Supreme Court, Kings County (Steven Z. Mostofsky, J.), entered on or about June 15, 2023, transferred to this Court by order of Supreme Court, Appellate Division, Second Department, dated June 28, 2023, which sanctioned nonparty appellant $100 for frivolous conduct under 22 NYCRR 130-1.1(c)(1-3), unanimously reversed, on the law and the facts, without costs, and the sanction vacated.
The court abused its discretion in imposing the sanction on appellant in that her conduct as reflected in the record did not fit within the definition of "frivolous" set forth in 22 NYCRR 130-1.1(c)(1-3) (see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 414 [1990]). Appellant properly raised procedural and substantive arguments concerning why the court should not direct petitioner to compel respondent, a 62-year-old woman with end stage renal failure, to undergo painful dialysis three times a week for three hours a day and receive powerful psychotropic medication against her wishes in order to restrain her. Although it is unclear whether respondent understood the consequences of her refusal to accept treatment, appellant's arguments in support of respondent's position were not without merit.
Moreover, the record does not indicate that appellant's conduct was undertaken to delay or prolong the resolution of the proceeding or to harass or maliciously injure another. Although the court warned the parties not to interrupt each other or the court, and admonished appellant a couple of times during the hearing about such conduct, the record does not reflect a pattern of such behavior on her part or demonstrate that it caused delay. Further, the court did not cite any false statements made by appellant sufficient to warrant sanctions.
The court also failed to give appellant a reasonable opportunity to he heard on the sanction before it was actually imposed (see Matter of Hunte v Jones, 221 AD3d 813, 815 [2d Dept 2023]), and did not indicate why the amount imposed was appropriate (see Matter of Griffin v Panzarin, 305 AD2d 601, 603 [2d Dept 2003]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024