Lombardi v Lombardi (2024 NY Slip Op 03742)

Lombardi v Lombardi

2024 NY Slip Op 03742

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-08714
 (Index No. 26233/11)

[*1]Mary Beth Lombardi, respondent,
v
Vittorio Lombardi, appellant.

Law Office of Dorothy Courten, PLLC, Hauppauge, NY, for appellant.
Mitev Law Firm, P.C., Stony Brook, NY (Vesselin Mitev of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Valerie M. Cartright, J.), dated September 30, 2022. The order, inter alia, granted those branches of the plaintiff's motion which were to hold the defendant in civil contempt for violating certain provisions of an order of the same court (William J. Kent, J.) dated December 22, 2011, and for an award of interim counsel fees to the extent of directing the defendant to pay the plaintiff the sum of $10,000 in interim counsel fees, and denied the defendant's cross-motion, among other things, to impose sanctions against the plaintiff.
ORDERED that the order dated September 30, 2022, is affirmed, with costs.
The parties were married in 2004 and have one child together. The plaintiff commenced this action for a divorce and ancillary relief in 2011. Thereafter, the plaintiff commenced a plenary action seeking, inter alia, to set aside the parties' prenuptial agreement on the grounds of duress, coercion, undue influence, and unconscionability. The actions were eventually joined for trial pursuant to an order dated March 3, 2016.
In March 2022, the plaintiff moved, inter alia, to hold the defendant in contempt for violating an order dated December 22, 2011 (hereinafter the 2011 order), which directed the defendant to pay the plaintiff $350 per week in temporary child support and to maintain medical and dental insurance for the plaintiff and the parties' son. The plaintiff also sought an award of interim counsel fees pursuant to Domestic Relations Law § 237(a). The defendant cross-moved, among other things, to impose sanctions against the plaintiff. In an order dated September 30, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to hold the defendant in civil contempt for violating the provisions of the 2011 order regarding temporary child support and the maintenance of medical insurance, granted that branch of the plaintiff's motion which was for an award of interim counsel fees to the extent of directing the defendant to pay the plaintiff the sum of $10,000 in interim counsel fees, and denied the defendant's cross-motion, among other things, to impose sanctions against the plaintiff. The defendant appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Matter of Garanin v Bykhovsky, 216 AD3d 779, 780 [internal quotation marks omitted]). [*2]"The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct" (id. [internal quotation marks omitted]; see Judiciary Law § 753[A][3]). "'Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order'" (Anonymous 2011-3 v Anonymous 2011-4, 219 AD3d 558, 559, quoting El-Dehdan v El-Dehdan, 114 AD3d 4, 17, affd 26 NY3d 19).
Here, the plaintiff demonstrated that the defendant failed to comply with the clear and unequivocal mandates set forth in the 2011 order by failing to pay temporary child support and maintain medical insurance for the plaintiff. The defendant failed to refute this showing or establish an inability to comply with these mandates (see Anonymous 2011-3 v Anonymous 2011-4, 219 AD3d at 559-560). Thus, the Supreme Court properly granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt.
"An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Hutchinson v Hutchinson, 219 AD3d 1320, 1322 [internal quotation marks omitted]). "There shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237[a]). "[T]he court should review the financial circumstances of both parties, together with all of the other circumstances of the case, which may include the relative merit of the parties' positions and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Spataro v Spataro, 211 AD3d 1069, 1070 [internal quotation marks omitted]).
Under the circumstances presented here, including the significant disparity in the financial circumstances of the parties, the Supreme Court properly awarded the plaintiff interim counsel fees in the sum of $10,000. The plaintiff is the less monied spouse and the award of interim counsel fees will permit her to carry on the litigation (see Gonzalez-Furtado v Furtado, 221 AD3d 975, 977).
"Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after a reasonable opportunity to be heard, may impose costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorneys' fees, and/or sanctions against a party or the attorney for a party, or both, for frivolous conduct" (Matter of Hunte v Jones, 221 AD3d 813, 815). Conduct is frivolous if "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][2]). "In determining whether the conduct undertaken was frivolous, the court shall consider . . . the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (id. § 130-1.1[c]; M & T Bank v Friedmann, 217 AD3d 934, 936 [internal quotation marks omitted]). Here, nothing in the record demonstrates that the plaintiff's conduct was frivolous within the meaning of 22 NYCRR 130-1.1(c)(2). Accordingly, the Supreme Court properly denied that branch of the defendant's cross-motion which was to impose sanctions against the plaintiff.
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court