Long Chen v Clean Air Car Serv. & Parking Corp. (2025 NY Slip Op 04777)

Long Chen v Clean Air Car Serv. & Parking Corp.

2025 NY Slip Op 04777

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2020-05203
 (Index No. 710966/17)

[*1]Long Chen, et al., respondents, 
v
Clean Air Car Service & Parking Corporation, et al., appellants.

Riemer & Braunstein, LLP, New York, NY (Paul S. Samson of counsel), for appellant Clean Air Car Service & Parking Branch Two, LLC, and Wood, Wang & Associates, PLLC, Flushing, NY (David J. Wood of counsel), for appellants Clean Air Car Service & Parking Corporation, Clean Air Car Service & Parking Branch One, LLC, Clean Air Car Service & Parking Branch 3, LLC, Clean Air Car Service & Parking Branch 5, LLC, Clean Air Car Service & Parking Branch 7, LLC, Clean Air Car Service & Parking Branch 6, LLC, Kevin Wang, and Julio Lnu (one brief filed).
Hang & Associates, PLLC, Flushing, NY (Qinyu Fan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of national origin in violation of the New York State Human Rights Law and the New York City Human Rights Law, the defendants appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered May 26, 2020. The order, insofar as appealed from, denied the defendants' motion pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their counsel.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2017, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for employment discrimination on the basis of national origin in violation of the New York State Human Rights Law and the New York City Human Rights Law. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. Thereafter, the defendants moved pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their counsel. In an order entered May 26, 2020, the court, among other things, denied the defendants' motion. The defendants appeal.
"Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after a reasonable opportunity to be heard, may impose costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorneys' fees, and/or sanctions against a party or the attorney for a party, or both, for frivolous conduct" (Matter of Hunte v Jones, 221 AD3d 813, 815; see Lombardi v Lombardi, 229 AD3d 537, 539). Conduct is frivolous if "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][2]). "In determining whether the conduct undertaken was frivolous, the court shall consider . . . the circumstances under which the conduct took place, including the time available [*2]for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (id. § 130-1.1[c]; see Lombardi v Lombardi, 229 AD3d at 539).
Under the circumstances of this case, the plaintiffs' commencement and prosecution of this action was not frivolous. Accordingly, the Supreme Court properly denied the defendants' motion pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their counsel (see Cassagnol v Village of Hempstead, 214 AD3d 766, 769; Robinson v In & Out Deli, Inc., 173 AD3d 791, 793).
The parties' remaining contentions are without merit.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court